UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECTRA COMMUNICATIONS AB,<br><br>Plaintiff,<br><br>v.<br><br>ABSOLUTE SOFTWARE, INC. and NETMOTION SOFTWARE, INC.,<br><br>Defendants. | Case No. C22-0353RSM<br><br>ORDER GRANTING MOTION FOR JURISDICTIONAL DISCOVERY |

This matter comes before the Court on Counterclaim Plaintiff NetMotion's Motion for leave to conduct jurisdictional discovery, Dkt. #109. Counterclaim defendant Sectra Communications AB opposes. Dkt. #113. Neither party requests oral argument.

On August 26, 2022, NetMotion moved to amend its counterclaim to add Columbitech, Inc. as a counterclaim defendant. Dkt. #99. In response, Sectra filed an Opposition and supporting declaration from Columbitech's former CEO Tobias Englund in which Sectra contests personal jurisdiction as to its wholly owned subsidiary Columbitech in the Western District of Washington. Dkt. #101; Dkt. #102-1.

In its proposed Second Amended Counterclaim, NetMotion pleads multiple bases for personal jurisdiction over Columbitech in the Western District of Washington. *See* Dkt. #99-1

ORDER GRANTING MOTION FOR JURISDICTIONAL DISCOVERY - 1

at 2. NetMotion alleges that Columbitech made, used, sold, offered for sale, or imported infringing products in the Western District of Washington, and had pervasive, longstanding business contacts in Washington related to the accused Columbitech Mobile VPN product, including: (1) allegations that Columbitech partnered with Sprint (a nationwide mobile telecom company with a location in Bellevue, Washington) to provide secure mobile VPN services; (2) allegations that the Columbitech partnership continued with T-Mobile, a Washington-based company, after T-Mobile and Sprint merged; and (3) allegations and supporting evidence that Columbitech partnered with Microsoft Corporation, a Washington-based company, as a Microsoft certified partner to provide Columbitech Mobile VPN on Microsoft operating systems. *Id.*

"Jurisdictional discovery is appropriate where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-861RSM, 2011 WL 2470671, at *5 (W.D. Wash. 2011) (citing *Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535 (9th Cir. 1986); *see also Twentieth Century Fox Int'l Corp. v. Scriba*, 385 F. App'x 651, 653 (9th Cir. 2010). A court may deny jurisdictional discovery "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Am. W. Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989) (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). "District courts within the Ninth Circuit require a plaintiff to establish a 'colorable basis' for personal jurisdiction before granting jurisdictional discovery." *Chapman v. Krutonog*, 256 F.R.D. 645, 649 (D. Haw. 2009) (citing district court cases). "This 'colorable' showing should be understood as something less than a prima facie showing, and could be equated as

ORDER GRANTING MOTION FOR JURISDICTIONAL DISCOVERY - 2

requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant." *Id.*

Defendants whose contacts with a state are "substantial" or "continuous and systematic" can be haled into court in that state in any action, even if the action is unrelated to those contacts. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006). In determining general jurisdiction, courts focus on the nature and extent of the defendant's contacts and may consider, *inter alia*, longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets. *Id*. at 1172.

Even if the court cannot exercise general jurisdiction over a defendant, it may still have personal jurisdiction if the case arises out of certain forum-related acts. *Cubbage v. Merchent*, 744 F.2d 665, 668 (9th Cir. 1984). In this inquiry, the court should evaluate "the nature and quality of the defendant's contacts in relation to the cause of action[,]" focusing "on the relationship between the defendant, the forum, and the litigation." *Id*. (citation omitted). "Exercising specific jurisdiction over a nonresident company is consistent with due process if the company directed acts at this forum, the plaintiff's claims arise out of the company's forum-related acts, and requiring the nonresident company to defend itself in this forum would be reasonable." *TRC Tire Sales, LLC v. Extreme Tire & Serv., Inc.*, No. CV-08-015-FVS, 2008 WL 2725088, at *2 (E.D. Wash. July 11, 2008).

In some instances, the defendant may not have sufficient contacts with any one state for the court to exercise personal jurisdiction. In such instances, Rule 4(k)(2) permits nationwide aggregation of contacts for the exercise of personal jurisdiction if the claim arises under federal law and there are sufficient minimum contacts with the United States as a whole. *Read v. Moe*,

ORDER GRANTING MOTION FOR JURISDICTIONAL DISCOVERY - 3

899 F. Supp. 2d 1024, 1033 (W.D. Wash. 2012); *Wanacheck Mink Ranch v. Alaska Brokerage Int'l, Inc.*, No. C06-089RSM, 2009 WL 1247039, at *4 (W.D. Wash. May 4, 2009).

NetMotion points to Wayback Archive screenshots of Columbitech's website, which listed a wide variety of government and business customers, arguing "Columbitech's wide client base and use of popular distribution channels, as shown on Columbitech's website, supports the plausibility of NetMotion's allegations that the Columbitech Mobile VPN product was offered for sale to, sold to, and used by customers in Washington during the relevant damages period." Dkt. #109 at 8–9.  NetMotion credibly argues that Columbitech must have had some sales or business relationship with Sprint and T-Mobile.  In its opposition, Sectra relies on two declarations from Mr. Englund essentially stating that Columbitech has never sold its product or entered into any agreement with any entities in Washington.  *See* Dkt. #102-1; Dkt. #113-1.

The Court need not reach any conclusions about specific jurisdictional contacts to resolve this Motion.  Given the nature of Columbitech's business and its apparent wide range of clients, and based on the limited factual record here and the argument of the parties, the Court finds that NetMotion has established there are controverted facts pertinent to specific and general personal jurisdiction, and that the above facts make "at least a colorable showing" of personal jurisdiction.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff NetMotion's Motion for leave to conduct jurisdictional discovery, Dkt. #109, is GRANTED. NetMotion is granted leave to seek jurisdictional discovery via 5 interrogatories, and 10 requests for production, in addition to a 30(b)(6) deposition and the deposition of Tobias

ORDER GRANTING MOTION FOR JURISDICTIONAL DISCOVERY - 4

Englund. The Court further GRANTS NetMotion leave to file a 6-page supplemental reply to the Motion to Amend Counterclaim 14 days after completion of jurisdictional discovery. Sectra is granted leave to file its own 6-page surreply as set forth in the Court's most recent Order.

DATED this 4th day of January, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE