UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECTRA COMMUNICATIONS AB et al., <br><br> Plaintiffs, <br><br> v. <br><br> ABSOLUTE SOFTWARE, INC., et al., <br><br> Defendants. | Case No. C22-353RSM <br><br> ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL |

This matter comes before the Court on Defendants' unopposed Motion to Seal Motion to Dismiss First Amended Complaint, Dkt. #200. Defendants have filed a sealed Motion to Dismiss as well as a redacted version. Dkts. #202 and #203.

"There is a strong presumption of public access to the court's files." Local Rule 5(g). The Court's Local Rules explicitly instruct the parties to present legal and evidentiary support in a motion to seal. That motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." Local Rule 5(g)(3)(B). A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted). For dispositive motions, the presumption may be overcome by demonstrating "compelling

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL - 1

reasons." *Id.*; *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1135-36 (9th Cir.2003). Applying the "compelling reasons" standard, the Ninth Circuit has found appropriate the sealing of documents attached to a motion for summary judgment when court records could be used "as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016).

The Court has reviewed the Motion and the proposed redactions. The Court finds that the compelling reasons standard applies. While some redactions are to quotes from documents already under seal, other redactions are made to attorney argument merely discussing such exhibits generally. Defendants have articulated no compelling reasons to redact such arguments or generalized summary of what sealed exhibits say. Accordingly, those redactions are improper. The remaining redactions are proper given Defendants' unopposed arguments about potential competitive harm to Mobile Sonic and harm to NetMotion's third-party clients. *See* Dkt. #200 at 3–5. Consistent with the strong presumption of public access to the court's files and the fact that this is not a sealed case, the Court expects the parties to be able to engage in a public discussion of their allegations and defenses and will direct Defendants to take another stab at redactions with this in mind.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' unopposed Motion to Seal, Dkt. #200, is GRANTED IN PART AND DENIED IN PART. The filing at Dkt. #202 is to remain under seal. Defendants are DIRECTED to file a revised redacted version of the Motion, redacting only those portions of the Motion that quote or directly incorporate confidential information, and removing

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL - 2

redactions from attorney argument or generalized summary of exhibits otherwise under seal. This revised redacted version of the Motion is to be filed within the next 30 days.

DATED this 26th day of July, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE