UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECTRA COMMUNICATIONS AB et al., <br><br> Plaintiffs, <br><br> v. <br><br> ABSOLUTE SOFTWARE, INC., et al., <br><br> Defendants. | Case No. C22-353RSM <br><br> ORDER GRANTING IN PART AND DENYING IN PART UNOPPOSED MOTION TO SEAL RESPONSE BRIEF |

   This matter comes before the Court on Plaintiffs' unopposed Motion to Seal Plaintiffs' Opposition to Defendant's Motion to Quash to Dismiss First Amended Complaint, Dkt. #284. Plaintiffs have filed a sealed Opposition as well as a redacted version.  Dkts. #285 and #287. Plaintiffs have also filed sealed documents related to the Opposition.  Dkt. #288.

   "There is a strong presumption of public access to the court's files." Local Rule 5(g). The Court's Local Rules explicitly instruct the parties to present legal and evidentiary support in a motion to seal.  That motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." Local Rule 5(g)(3)(B).  A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted).

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL - 1

For dispositive motions, the presumption may be overcome by demonstrating "compelling reasons." *Id.*; *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1135-36 (9th Cir.2003). Applying the "compelling reasons" standard, the Ninth Circuit has found appropriate the sealing of documents attached to a motion for summary judgment when court records could be used "as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016).

The Court has reviewed the Opposition to Defendant's Motion to Quash and the proposed redactions. The Court finds that the good cause standard applies. While some redactions are to quotes from documents already under seal, other redactions are made to attorney argument merely discussing such exhibits generally, or discussing the case generally. Plaintiffs have articulated no good cause to redact such arguments or generalized summary of what sealed exhibits say. Accordingly, those redactions are improper. Any redactions to quoted sealed documents are proper given the Court's prior rulings. The sealing of the exhibits at Dkt. #288 is warranted. Consistent with the strong presumption of public access to the court's files and the fact that this is not a sealed case, the Court expects the parties to be able to engage in a public discussion of their allegations and defenses and will direct Plaintiffs to take another stab at redactions with this in mind.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' unopposed Motion to Seal, Dkt. #284, is GRANTED IN PART AND DENIED IN PART. The filings at Dkt. #287 and #288 are to remain under seal. Plaintiffs are DIRECTED to file a revised redacted version of the Opposition, redacting only those portions of the Motion that quote or directly incorporate confidential information, and

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL - 2

removing redactions from attorney argument or generalized summary of exhibits otherwise under seal. This revised redacted version of the Opposition is to be filed within the next 30 days.

DATED this 5th day of December, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL - 3