UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECTRA COMMUNICATIONS AB et al., <br><br> Plaintiffs, <br><br> v. <br><br> ABSOLUTE SOFTWARE, INC., et al., <br><br> Defendants. | Case No. C22-353RSM <br><br> ORDER DENYING MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER |

This matter comes before the Court on the Motion to Quash Subpoena and for Protective Order filed by Defendants and third-party subpoena recipients Trace Crowe and Crowe Consulting. Dkt. #268. Plaintiffs have filed an opposition. Dkt. #287. No party has requested oral argument. The Court is aware from a case management conference that a subsequent parallel motion was filed in Arizona District Court addressing these same issues, but that the parties have no objection to this Court ruling on the instant Motion rather than waiting for the Arizona Motion to be transferred here. *See* Dkt. #314.

Federal Rule of Civil Procedure 26 sets the broad scope of permissible discovery. Unless otherwise limited by court order, the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

ORDER DENYING MOTION TO QUASH AND FOR A PROTECTIVE ORDER - 1

> parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). This standard applies to third-party subpoenas. Under Rule 45(d)(3)(A), the Court must quash or modify a subpoena that requires disclosure of privileged or other protected matter or subjects a person to undue burden. The Court may limit the extent of discovery if the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). The party who moves to quash a subpoena has the burden of persuasion. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). Additionally, "[a] party or any person from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c)(1).

A party generally lacks standing under Federal Rule of Civil Procedure 45 to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter. *Campagnolo S.R.L. v. Full Speed Ahead, Inc.*, 2010 U.S. Dist. LEXIS 148788, *2 (W.D. Wash. Jan. 4, 2010) (citing, *inter alia*, *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C. 2005)). Such party may move for a protective order to restrict the scope of discovery under that rule if it believes its own interests are jeopardized by nonparty subpoenas. *Campagnolo*, 2010 U.S. Dist. LEXIS 148788 at *3 (citing cases). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26(c)(1). "The decision to issue a protective order rests within the sound discretion of the trial court." *Seiter v. Yokohama Tire Corp.*, 2009 WL 2461000, *1 (W.D. Wash. 2009).

ORDER DENYING MOTION TO QUASH AND FOR A PROTECTIVE ORDER - 2

The moving parties argue, "[t[he subpoenas for deposition to Mr. Crowe and Crowe Consulting are unduly burdensome in light of Mr. Crowe's poor health;" and "the requested deposition is of minimal relevance to the case, and cumulative of other evidence available to Plaintiffs including documents produced by Mr. Crowe and deposition testimony from Defendants." Dkt. #268 at 3.  They argue that Mr. Crowe "is not currently and was never an employee of NetMotion nor of any of the other parties to this suit." *Id.*  The Motion states that Mr. Crowe has certain health issues that have limited his mobility and which require him to regularly seek medical care.  The factual support for these health issues is provided by a declaration of counsel attached to the Motion.  Dkt. #273.  It is unclear to the Court how counsel is qualified or sufficiently informed to state those health issues.  Later, on Reply, Mr. Crowe provides his own declaration.  Dkt. #309.  For the first time, Mr. Crowe discusses the possibility that he has limited recollection of the events at issue.  *Id*.; *see also* Dkt. #305 (redacted version); Dkt. #308 at 5.

Plaintiffs argue in opposition that Mr. Crowe and his consulting company worked closely with Defendants to help disparage Plaintiffs' software, that Mr. Crowe was given a NetMotion email address, and that Mr. Crowe presented himself as a consultant/employee of NetMotion on his LinkedIn page.  Dkt. #287 at 7–8.  Plaintiffs state that they have offered to conduct Mr. Crowe's deposition remotely to accommodate his health concerns.  *Id*. at 4.  Plaintiffs are unable to respond to new health issues raised for the first time in the Reply brief.

The Court is convinced that the information being sought from Mr. Crowe and his consulting company is relevant to Plaintiffs' disparagement claims, and that it cannot be obtained from some other source that is more convenient, less burdensome, or less expensive.  While the Court is sensitive to the deponent's health concerns, it appears those can be addressed

ORDER DENYING MOTION TO QUASH AND FOR A PROTECTIVE ORDER - 3

by conducting the deposition remotely and through other reasonable accommodations. The Court expects the parties and their attorneys to work together in good faith to provide reasonable accommodations while also completing this deposition in a timely fashion. If Mr. Crowe has limited recollection of the events at issue then he can so answer during his deposition. The Court finds that the health issues not raised in the original Motion itself are, in any event, unsupported by medical evidence and insufficiently explained and that they should not serve as a basis for quashing this subpoena or issuing a protective order.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the Motion to Quash Subpoena and for Protective Order filed by Defendants and third-party subpoena recipients, Dkts. #268, is DENIED. The moving parties are DIRECTED to withdraw their parallel Motion in Arizona.

DATED this 18th day of December, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO QUASH AND FOR A PROTECTIVE ORDER - 4