UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECTRA COMMUNICATIONS AB, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ABSOLUTE SOFTWARE, INC., et al., <br><br> Defendants. | Case No. C22-353RSM <br><br> ORDER DENYING PLAINTIFF'S MOTION TO DISMISS MOBILE SONIC'S THIRD AMENDED COUNTERCLAIM AND GRANTING MOTION TO AMEND |

This matter comes before the Court on Plaintiff Columbiatech's Motion to Dismiss Defendant Mobile Sonic's Third Amended Counterclaim, Dkt. #256, and Mobile Sonic's Motion for Leave to Amend Counterclaim, Dkt. #318. The parties have filed opposition briefs. Dkts. #257 and #330. No party has requested oral argument.

**A. Motion to Dismiss**

The Court will accept all facts stated in the Third Amended Counterclaim, Dkt. #247, as true for purposes of the Motion to Dismiss.

This is a patent infringement action originally filed in the Western District of Texas in 2021. Dkt. #1. An Answer with counterclaim alleging infringement of a different patent was filed on March 9, 2022. Dkt. #56. An Amended Counterclaim was filed on May 20, 2022. Dkt. #93. A Second Amended Counterclaim was filed on June 13, 2023. Dkt. #188. A Markman hearing was held on June 9, 2023, and the Court issued its Claims Construction Order

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS MOBILE SONIC'S THIRD
AMENDED COUNTERCLAIM AND GRANTING MOTION TO AMEND - 1

on June 21, 2023, interpreting terms in U.S. Patent 7,797,437 ("437 Patent") asserted by Plaintiff Sectra Communications, and U.S. Patent 6,981,047 ("047 Patent") asserted by Mobile Sonic. Dkt. #194.

Mobile Sonic filed a Third Amended Counterclaim on September 11, 2023. Dkt. #247. By this time, of course, the Court had already interpreted the disputed terms of the '047 Patent and fact discovery was well under way, or perhaps had concluded. *See* Dkts. #92 and #190. The instant Motion to dismiss was filed on October 9, 2023. Dkt. #256. Mobile Sonic has since filed a Motion for leave to amend this counterclaim a fourth time. Dkt. #318. Plaintiffs, for their part, have amended their Complaint twice. *See* Dkts. #187 and #340. Expert discovery will be completed April 26, 2024; dispositive motions are due May 10, 2024. Dkt. #337.

Mobile Sonic pleads that Plaintiff Columbiatech's Mobile VPN product infringes its 047 Patent, "Method and Apparatus for Providing Mobile and Other Intermittent Connectivity in a Computing Environment." In May 2019, Sectra acquired the assets of Columbitech's former parent company Columbitech AB, including all shares of Columbitech, so this counterclaim is asserted against Sectra. Since May 2019, Sectra has and continues to manufacture, use, and sell this product, which is sometimes rebranded as Sectra Mobile VPN. Columbitech Mobile VPN is a "third-generation VPN" that "delivers seamless mobile access to all enterprise applications via Wi-Fi hot spots, cellular network, and fixed access with a strong and secure LAN connections." Dkt. #247 at 4. Sectra describes its product's "session persistence" as a "patented solution" because it practices one or more of the method claims in the 437 Patent. *Id*. at 5. According to Sectra, the alleged inventions of the '437 Patent that are practiced by its VPN product were invented on November 26, 2001, over two and a half years after the utility application filing date of the '047 Patent, and more than three years after the earliest claimed priority date of the

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS MOBILE SONIC'S THIRD
AMENDED COUNTERCLAIM AND GRANTING MOTION TO AMEND - 2

'047 Patent. Mobile Sonic pleads that Plaintiffs "have directly infringed one or more claims, including at least claim 1 of the '047 Patent in violation of 35 U.S.C. § 271(a) by, without authority, making, using, offering to sell, and/or selling the Accused Instrumentality in the United States, and/or importing the Accused Instrumentality into the United States." *Id*.

Mobile Sonic's Third Amended Counterclaim has two attachments, incorporated into the pleadings. The first is the 047 Patent. Dkt. #247-1. The second is a 43-page chart identifying evidence of infringement for each claim element. Dkt. #247-2.

Plaintiff's Motion begins by arguing: "Mobile's Third Amended Counterclaim fails to (i) identify a single actor as performing all steps of method claim 1 as required under 35 U.S.C. 271(a) and (ii) show evidence that all steps of claim 1 are performed. This failure, coupled with Mobile's failure to plead joint/divided infringement or indirect infringement is fatal." Dkt. #256 at 4.

In its Response, Mobile Sonic argues that it "is not required to establish infringement on an element-by-element basis at this stage," and that "When Mobile Sonic's pleading and accompanying claim chart are construed in the light most favorable to Mobile Sonic, they undoubtedly create a plausible inference that Columbitech infringed at least claim 1 of the ['047 Patent]." Dkt. #257 at 4.

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS MOBILE SONIC'S THIRD
AMENDED COUNTERCLAIM AND GRANTING MOTION TO AMEND - 3

to relief that is plausible on its face." *Id*. at 678.  This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

In the patent infringement context, the Federal Circuit has held that, "the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1335 (Fed. Cir. 2012)); *see also Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). Instead, a plaintiff must simply "place the potential infringer . . . on notice of what activity . . . is being accused of infringement." *Nalco*, 883 F.3d at 1350 (internal quotation marks and citations omitted); *see also Bot M8*, 4 F.4th at 1352; *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

The Court finds that, making all inferences in the light most favorable to the non-moving party, the Third Amended Counterclaim sufficiently pleads direct infringement of claim 1 to survive dismissal under the above standards, and provides ample evidence of direct infringement through its attached claim chart, Dkt. #247-2.  Plaintiff has failed to demonstrate that Mobile Sonic needs to plead joint or divided infringement at this time, given the procedural posture of the case.  Furthermore, any argument about the factual sufficiency of Mobile Sonic's counterclaim is best resolved at summary judgment given the procedural posture of this case. Given all of this, the Motion to Dismiss will be denied.

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS MOBILE SONIC'S THIRD AMENDED COUNTERCLAIM AND GRANTING MOTION TO AMEND - 4

## B. Motion to Amend

Mobile Sonic seeks leave to amend the above counterclaim to include claims of induced infringement and contributory infringement under 35 U.S.C. §§ 271(b) and (c) and to amend its infringement contentions to account for those additional allegations. Dkt. #318. In their opposition, Plaintiffs argue that Mobile Sonic is relying on "manufactured evidence" and "mischaracterizes the deposition testimonies of witnesses." Dkt. #329 at 5–6.

Once a district court files a scheduling order pursuant to Federal Rule of Civil Procedure 16 and the deadlines for amending a pleading or joining a party expire, a party's motion to amend a pleading or join an additional party is governed by Rule 16, not Rule 15. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson*, 975 F.2d at 607. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*. Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." While prejudice to the party opposing the modification may provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

Similarly, "[a]mendment of the Infringement Contentions [in the Western District of Washington] … may be made only by order of the Court upon a timely showing of good cause." Local Patent Rule 124. In determining whether good cause to amend infringement contentions exists, this District follows a two-part test: (1) examining the diligence of the moving party and (2) examining the prejudice to the non-moving party. *See REC Software USA, Inc. v. Bamboo Sols Corp.*, No. C11-0554JLR, 2012 WL 3527891, at *3 (W.D. Wash. Aug. 15, 2012).

The Court has reviewed the briefing of the parties and the record and finds that Mobile Sonic has been reasonably diligent in pursuing these claims given the unusual circumstances of this case. At least some of the delay is due to materials disclosed at the end of discovery. Furthermore, the Court finds little to no prejudice to Plaintiffs in granting this Motion, as this case has effectively proceeded past discovery with the knowledge of these proposed amendments and based on facts within Plaintiffs' possession. Plaintiffs are also apparently quite confident that the evidence supporting these claims is so weak that dismissal is warranted as a matter of law. This goes against the idea that Plaintiffs have been prejudiced in their ability to gather necessary information in discovery related to this counterclaim. The Court will not weigh the merits of the evidence at this juncture, other than to say that the claims are not clearly futile. The Court finds that the resources of all involved will be conserved by allowing the proposed amendment and suggests that any question of the factual merit of the evidence supporting these claims is best resolved at summary judgment rather than another motion to dismiss for failing to state a claim.

//

//

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS MOBILE SONIC'S THIRD AMENDED COUNTERCLAIM AND GRANTING MOTION TO AMEND - 6

### C. Conclusion

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Columbiatech's Motion to Dismiss Defendant Mobile Sonic's Third Amended Counterclaim, Dkt. #256, is DENIED, and Mobile Sonic's Motion for Leave to Amend Counterclaim, Dkt. #318, is GRANTED. Mobile Sonic is directed to immediately file its Fourth Amended Counterclaim.

DATED this 26th day of February, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE