UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECTRA COMMUNICATIONS AB et al., <br><br>Plaintiffs, <br><br>v. <br><br>ABSOLUTE SOFTWARE, INC., et al., <br><br>Defendants. | Case No. C22-353RSM <br><br> ORDER RE: MOTIONS TO SEAL |

This matter comes before the Court on Plaintiffs' unopposed Motion to Seal their Second Amended Complaint, Dkt. #338, and Defendants' Unopposed Motion to Seal their Motion to Dismiss Second Amended Complaint, Dkt. #348.

"There is a strong presumption of public access to the court's files." Local Rule 5(g). The Court's Local Rules explicitly instruct the parties to present legal and evidentiary support in a motion to seal. That motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." Local Rule 5(g)(3)(B). A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted). For dispositive motions, the presumption may be overcome by demonstrating "compelling

ORDER RE: MOTIONS TO SEAL - 1

reasons." *Id.*; *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1135-36 (9th Cir.2003). Applying the "compelling reasons" standard, the Ninth Circuit has found appropriate the sealing of documents attached to a motion for summary judgment when court records could be used "as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016).

The Court has reviewed the Motions and the proposed redactions. The Court finds that the good cause standard applies to the Second Amended Complaint and the compelling reasons standard applies to the Motion to Dismiss.

In the Second Amended Complaint, many redactions are to quotes from documents already under seal, or new documents appropriately under seal, but other redactions are made to pleaded statements merely discussing such exhibits generally, or to statements that are equivalent to generalized attorney argument. For example, on page four, entire paragraphs of pleading are redacted instead of just those portions that quote sealed exhibits. *See* Dkt. #340 at 4. Many redactions are only generalized accusations of misdeeds, *e.g.* "…NetMotion had engaged in a long campaign to malign the reputation of Sectra's/Columbitech's product line and company by making false and/or misleading statements to actual and potential customers." This is just a re-statement of the claim, which is not itself redacted. Plaintiffs do not make a case for the public being shielded from such information. A cursory scan through the remainder of the Second Amended Complaint reveals a heavy-handed approach to redaction that runs counter to the strong presumption of public access to the court's files.

The parties have failed to demonstrate good cause to redact attorney arguments or generalized summary of what sealed exhibits say. Accordingly, such redactions are improper.

ORDER RE: MOTIONS TO SEAL - 2

The remaining redactions are proper given the parties' unopposed arguments about potential competitive harm. *See* Dkt. #338 at 2–4. Consistent with the strong presumption of public access to the court's files and the fact that this is not a sealed case, the Court expects the parties to be able to engage in a public discussion of their allegations and defenses and will direct the Plaintiffs to take another stab at redactions with this in mind.

On the other hand, Defendants' Unopposed Motion to Seal Motion to Dismiss Second Amended Complaint, Dkt. #348, has demonstrated compelling reasons for its few proposed redactions.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' unopposed Motion to Seal Plaintiffs' Second Amended Complaint, Dkt. #338, is GRANTED IN PART AND DENIED IN PART. Defendants' Unopposed Motion to Seal Motion to Dismiss Second Amended Complaint, Dkt. #348, is GRANTED. The filings at Dkt. #341 and #350 are to remain under seal. Plaintiffs are DIRECTED to file a revised redacted version of the Second Amended Complaint, redacting only those portions that quote or directly incorporate confidential information, and removing redactions that comment on or characterize the legal claims or constitute generalized summary of exhibits otherwise under seal. This revised redacted version of the Second Amended Complaint is to be filed within the next 60 days.

DATED this 26th day of February, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER RE: MOTIONS TO SEAL - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER RE: MOTIONS TO SEAL - 4