UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECTRA COMMUNICATIONS AB et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ABSOLUTE SOFTWARE, INC., et al.,<br><br>Defendants. | Case No. C22-353RSM<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT |

This matter comes before the Court on Defendants' Motion to Dismiss claims two through six of Plaintiffs' Second Amended Complaint. Dkt. #346; Dkt. #350 (unredacted version). Plaintiffs have filed an opposition brief. Dkt. #361. The Court has determined that it can rule on this Motion without the need of oral argument.

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT - 1

The Court has determined that a full recitation of the pleaded facts and procedural history of this case is unnecessary, having set forth the basics and the facts at issue in its prior Order. *See* Dkt. #325. That prior Order also stated the applicable law.

Plaintiffs' Second Amended Complaint contains several additional pages of allegations related to Defendants' concealment of its 2013–2018 campaign to malign Sectra's products. *See* Dkt. #346 at 15–21. Making all inferences in the light most favorable to the non-moving party, these facts adequately address the Court's earlier concerns about the sufficiency of the pleadings as to timeliness. *See* Dkt. #325 at 5–6. Defendants' arguments to the contrary ask the Court to either not accept pleaded facts as true, or to weigh the sufficiency and credibility of deposition testimony. *See, e.g.,* Dkt. #350 at 14 ("At a minimum, Mr. Tiffany's October 2011 email should have made Plaintiffs suspicious, and Mr. Englund admitted that he was suspicious by 2013, thus triggering an obligation to investigate."). These arguments are best reserved for a summary judgment motion or trial.

The Court previously found and continues to find that Plaintiffs sufficiently plead false advertising and defamation for the reasons stated in its prior Order. *See* Dkt. #325 at 8–10. Defendants can save their arguments for summary judgment. The same is true for tortious interference with a contractual relationship or business expectancy. *See id.* at 11–12. Defendants can likewise save their arguments for summary judgment.

The Court previously found that both sides failed to adequately brief the EULA claim. *See id*. at 12. The updated briefing from the parties, *See* Dkt. #361 at 26, continues to indicate that the fight between the parties is no longer about the sufficiency of the pleadings but about the evidence. To paraphrase the Court's previous statement, "whether any of this happened is a question for a later day." *See* Dkt. #325 at 12. Plaintiffs allege plausible facts showing that

ORDER DENYING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED
COMPLAINT - 2

Defendants were party to the EULA when they directed someone to purchase the software and when their employees installed or downloaded the software; breach is plausibly pleaded by, *inter alia,* allegations that Defendants used the software outside its intended purpose and transmitted it between employees. *See* Dkt. #341 at 64–71. Defendants have failed to convince the Court that, on these allegations alone, it can be said that the EULA was unenforceable against Defendants as against public policy.

Finally, the Court notes that Plaintiffs' First Amended Complaint alleged violations of the Washington Consumer Protection Act. Dkt. #186 at 20. The Court dismissed this cause of action with leave to amend. Dkt. #325 at 11. Plaintiffs have removed this cause of action in their Second Amended Complaint but not references to it in the caption and prayer for relief. *See* Dkt. #341 at 1, 72–73. Defendants do not address this in the instant Motion. The Court concludes that this cause of action has not been re-pleaded and that the references are in error.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint, Dkt. #346, is DENIED. Given this ruling, the Court declines to strike any exhibits as requested in Plaintiffs' Surreply. The Court finds good cause to GRANT Plaintiffs' unopposed Motion to Seal, Dkt. #359, and Defendants' unopposed Motion to Seal, Dkt. #366. The Response and Reply briefs, Dkts. #361 and #368, are to remain under seal.

DATED this 1st day of May, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT - 3

ORDER DENYING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT - 4