UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECTRA COMMUNICATIONS AB et al., <br><br> Plaintiffs, <br><br> v. <br><br> ABSOLUTE SOFTWARE, INC., et al., <br><br> Defendants. | Case No. C22-353RSM <br><br> ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL |

This matter comes before the Court on Plaintiffs' Motion to Compel, Dkt. #277; Dkt. #276 (unredacted version). Defendants have filed an opposition brief. Dkt. #293. The Court has determined that it can rule on this Motion without the need of oral argument.

Plaintiffs move for full and complete responses to their Requests for Production ("RFP") 1, 3, 4, and 75, and well as Interrogatories 16, 17, and 22:

> RFP 1: All documents and communications concerning the Asserted Patent, including all documents and communications that to refer to, reference, or cite the Asserted Patent.
>
> RFP 3: All documents and communications concerning or referencing Columbitech AB.
>
> RFP 4: All documents and communications concerning or referencing Plaintiff.
>
> RFP 75: "All documents and communications showing and/or relating to all statements Defendants made to any third party

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL - 1

> regarding Defendants competitors or competitor products, including Columbitech, Sectra, Columbitech Mobile VPN, and Sectra Mobile VPN."
>
> Interrogatory 16: From 2010 to the present, identify all of Defendants' employees or agents involved in making any statements, including statements made in any sales pitch, promotional materials, white papers, or competitive briefs (see, e.g., ABSOLUTE_0054841), about Columbitech, Sectra, Columbitech Mobile VPN, and Sectra Mobile VPN to any third party, including Defendants' potential, prospective, or actual customers. Your response should identify what those statements were, to whom they were made, how many times they were made, when they were made, and the reasons for making those statements.
>
> Interrogatory 17: Identify all entities from 2010 to present that Defendants sold, offered for sale, license and/or offered to license the Accused Products to, when those activities occurred, where those activities took place, which of the aforementioned entities received any information from Defendants or Defendants employees, whether written or oral, about Columbitech, Columbitech Mobile VPN, Sectra, and Sectra Mobile VPN, and which of the activities resulted in an actual sale and/or license.
>
> Interrogatory 22: Identify and describe each individual and/or entity that received the documents and/or information disclosed in the documents produced at ABSOLUTE_0122340, ABSOLUTE_0191899, ABSOLUTE_0045693, ABSOLUTE_0054846, ABSOLUTE_0151126, ABSOLUTE_0151154, ABSOLUTE_0154264, ABSOLUTE_0122325, DECOUNTER_00026, and ABSOLUTE0039817, and videos produced in response to RFP No. 134, including but not limited to the date(s) when the individual and/or entity received the document(s)/video(s)/information, who sent the document(s)/video(s)/information to the recipient, and the reason(s) why the document(s)/video(s)/information were sent to the recipient.

Dkt. #277-1 at 3–49.

This case was filed in Texas in 2021, Dkt. #1, and transferred here in March of 2022. Dkt. #66. On December 1, 2022, the Court entered an Order for the Agreement Regarding Discovery of Electronically-Stored Information (the "ESI Order"). *See* Dkt. #124. Per the ESI

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL - 2

Order, Defendants identified their five ESI custodians and data sources on January 27, 2023, and search terms on February 28, 2023. Dkt. #294-1; Dkt. #294-2 at 19–20. Plaintiffs did not object at the time. Two months later, Plaintiffs requested three additional ESI custodians and 29 additional search terms. Dkt. #294-2 at 17–19. After significant negotiations, the parties reached an agreement reflected in emails on April 14, 2023. *Id*. at 2. Defendants agreed to add an additional ESI custodian. In response, Plaintiffs' counsel stated "[b]ased on your representation below and yesterday during the meet and confer, and the inclusion of [one additional] custodian, we confirm that Sectra will not pursue a motion to compel any additional NetMotion custodians as part of the ESI discovery." *Id*. Defendants substantially completed their review of ESI from all agreed custodians on May 11, 2023.

On June 12, 2023, Plaintiffs filed an Amended Complaint, alleging for the first time false advertising, trade libel, business defamation, tortious interference, violation of the Washington Consumer Protection Act, and breach of contract, in addition to their patent infringement claim, *i.e.* the claims at issue in this Motion. Dkt. #186. Plaintiffs pleaded that they "did not know and could not have known about NetMotion's false, misleading and deceptive statements until NetMotion produced its documents in the ongoing litigation." *Id.* at 16, 18, 19, 20, 22, and 24.

Although RFP's 1, 3, and 4 were served earlier, RFP 75 was served on September 11, 2023, and clearly relates to these new claims. The interrogatories at issue were served after the new claims were added.

Defendants moved to dismiss Plaintiffs' new claims, Dkt. #202, the Court granted with leave to amend, Dkt. #325, Plaintiffs amended with additional facts, Dkt. #341, Defendants

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL - 3

moved to dismiss again, Dkt. #346, and the Court denied that Motion, Dkt. #380, ultimately allowing the claims to proceed.

On October 19, 2023, Plaintiffs notified Defendants that they wished to address deficiencies in Defendants' document production during an October 23 meet and confer, eventually leading to the instant Motion. *See* Dkt. #293 at 5. This Motion was therefore filed after Defendants moved to dismiss Plaintiffs new claims but before the Court ultimately allowed the claims to proceed, after amendment.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Under Rule 34, a party must produce or permit inspection of documents responsive to a request for production of documents when such documents are in the party's "possession, custody or control." Fed. R. Civ. P. 34. A party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery, *National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 554-56 (N.D. Cal. 1987), and, based on that inquiry, "[a] party responding to a Rule 34 production request . . . 'is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its]

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL - 4

control.'" *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (citation omitted). When the case involves electronically stored information that is not reasonably accessible - such that data cannot be searched manually - parties may use a variety of tools to conduct electronic searches including those identified in this Court's ESI Agreement. This tool does not supplant the requirement of Rule 34 that an initial, reasonable search for responsive documents be conducted in the first place. *Albert v. Lab. Corp. of Am.*, 536 F. Supp. 3d 798, 800 (W.D. Wash. 2020).

Relying on the above law, Plaintiffs argue that Defendants have not conducted an adequate search of documents because "Plaintiffs asked Defendants whether they had searched NetMotion's employees emails for responsive information, including [list of 14 employees]," and Defendants responded that they will "perform a comprehensive investigation of [one employee's] email correspondence to the extent it is captured in the scope of the parties' stipulated ESI collection." Dkt. #277 at 9. Plaintiffs also argue that, although the existing agreed search terms might not find the documents they are looking for, Defendants are "under an affirmative duty to seek . . . information reasonably available to it from its employees, agents, or others subject to its control." *Id*. at 10.

Defendants respond that they have conducted an extensive review pursuant to the ESI Order. Defendants accuse Plaintiffs of failing to "specifically identify any allegedly missing documents." Dkt. #293 at 8. Defendants state:

> Plaintiffs' repeated demand that documents should exist merely because Plaintiffs wish they exist does not make it so—Defendants have searched and have nothing further to produce. Defendants have already reviewed approximately 62,000 documents and produced thousands of documents referencing Plaintiffs. Defendants' inquiries have yielded no further information. Requiring anything more of Defendants at this point would be both fruitless and not proportional to the needs of the case, and

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL - 5

> Plaintiffs' motion should be denied. *See, e.g., Neal v. City of Bainbridge Island*, No. 3:20-cv-06025-DGE, 2023 WL 2214245, at *6 (W.D. Wash. Feb. 24, 2023).

*Id*. at 10. The Response goes on in this fashion. The Response also characterizes these discovery requests as seeking information to support "baseless" claims "subject to pending motions to dismiss." *Id*. at 4.

The Court finds that Defendants rely too heavily on the ESI Order and have failed to demonstrate a reasonable search for responsive documents under Rule 34 and generally failed to show why the discovery request should be denied, as is their burden. The ESI Order, the addition of a single custodian, and Plaintiff's agreement to not file a motion to compel all predate the addition of new claims in this case. This necessarily expanded the scope of discovery and made a larger search more reasonable and proportional to the needs of the case. Rule 34 does not permit Defendants to use an outdated ESI Order to sidestep the requirement to conduct a reasonable search for responsive documents. Defendants' responses to discovery requests appear to be stonewalling, and Plaintiff has adequately demonstrated that some documents may be missing in production. Defendants have likely been stonewalling with the hope that the discovery requests would be mooted by a dismissal of Plaintiffs' new claims, which ultimately did not happen.

On Reply, Plaintiffs note they "are not requesting that additional custodians be added for all of Plaintiffs' search terms to be run. Rather, Plaintiffs are simply requesting that Defendants meet their Rule 34 obligations and search for documents responsive to Plaintiffs' discovery requests from sources likely to have the relevant information." Dkt. #301 at 7. However, on the previous page, they say that relevant documents are likely "in the possession of" nine listed NetMotion employees. *Id*. at 6. To the extent that Defendants have not

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL - 6

produced records in their possession responsive to the above requests for production after the search of the existing custodians, they are ordered to do so now. Defendants are further ordered to conduct a reasonable search of the documents in the possession of these nine NetMotion employees for material responsive to the above RFPs.

With regard to Interrogatory 16, the Court agrees with Plaintiff that Defendants appear to be abusing Rule 33(d) by referring to "over 83 pages of documents that 'may' contain statements Defendants made to third parties, without specifying which statements in those 83 pages of documents was actually communicated to third parties, to whom they were communicated, how many times they were communicated, when they were communicated, and the reasons for why they were communicated." *See* Dkt. #277 at 11. The same abuse occurred for Defendants' response to Interrogatory 17. These interrogatories answers must be supplemented in a way that answers the questions without hiding behind a dump of documents, to the best of Defendants' ability. For Interrogatory 22, it is less clear that Defendants' response is deficient and the Court will not order anything further. The Court trusts that Defendants can supplement their discovery responses without further direction from the Court, consistent with the above.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion to Compel, Dkt. #277; Dkt. #276 (unredacted version), is GRANTED as set forth above.

DATED this 24th day of May, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL - 7