UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECTRA COMMUNICATIONS AB, and COLUMBITECH INC.,<br><br>    Plaintiffs and Counter-Defendants,<br><br>    v.<br><br>ABSOLUTE SOFTWARE, INC. and MOBILE SONIC, INC.,<br><br>    Defendants and Counter-Plaintiffs. | Case No. 2:22-cv-0353-RSM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO SEAL MOTION TO PARTIALLY EXCLUDE OPINIONS OF J. DAVID CABELLO AND TOBIAS ENGLUND** |

This matter comes before the Court on Defendants Absolute Software, Inc. and Mobile Sonic's Motion to Seal Defendants' Motion to Partially Exclude Opinions of J. David Cabello and Tobias Englund, Dkt. #403. Defendants move to file under seal portions of the Motion to Partially Exclude Opinions of J. David Cabello and Tobias Englund ("Motion to Exclude") and certain accompanying Exhibits 1-3. Defendants have filed a redacted Motion to Exclude as well as a sealed version. *See* Dkts. #401 and #405.

"There is a strong presumption of public access to the court's files." Local Rule 5(g). The Court's Local Rules explicitly instruct the parties to present legal and evidentiary support in a motion to seal. That motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations

ORDER
CASE NO. 2:22-CV-0353-RSM        1

where necessary." Local Rule 5(g)(3)(B). A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted). Although Defendant's Motion to Exclude is technically not a dispositive motion, Defendants nevertheless attempt to show compelling reasons to seal the Motion to Exclude and its exhibits. *See* Dkt. #403 (citing *Wagafe v. Biden*, 17-cv-00094-LK, 2023 WL 5803613, at *7 (W.D. Wash. Sept. 7, 2023) (finding that "[w]hile it is true that the Daubert motions are not 'literally dispositive,' the Court finds that these motions and their supporting documents are 'strongly correlative to the merits' of this case, and that the compelling reasons standard therefore applies.")).

The Court has reviewed the Motion and the proposed redactions. The Court finds that the compelling reasons standard applies. While some redactions are to quotes from documents already under seal, other redactions are made to attorney argument merely discussing such exhibits generally. Worse, many redactions are to facts that have no clear reason to be filed under seal. For example, in discussing expert witness Cabello, the following sentences are redacted:

- "Cabello is an attorney who worked his 40-year legal career exclusively in law firms or as general counsel at software companies." Dkt. #405 at 5.

- "Prior to his legal career, Cabello worked as an engineer from 1974 to 1983 at Jacobs Engineering Group, Inc. and Brown & Root, Inc., neither of which was related to network communications." *Id*.

- "Cabello opines that Columbitech's VPN solution was 'superior' to that of NetMotion because of the greater variety of operating systems that it supported." *Id*. at 6.

- "Cabello opines on speed comparisons between Columbitech Mobile VPN and NetMotion's product, opining that the speeds between the two products were 'comparable' and that certain speed tests 'showed that Columbitech's product had superior performance to NetMotion.'" *Id*. at 7.

There are many more such examples. Defendants have articulated no compelling reason to redact such facts or generalized summary of what sealed exhibits say. The Court cannot imagine how generalizations about one product being "superior" or "comparable" to another is a fact that needs to be kept out of the public eye. Accordingly, such redactions are improper. Some remaining redactions may be proper given Defendants' unopposed arguments about potential competitive harm to Mobile Sonic and harm to NetMotion's third-party clients. The Court is loathe to permit redactions to whole paragraphs of attorney argument. Consistent with the strong presumption of public access to the Court's files and the fact that this is not a sealed case, the Court expects the parties to be able to engage in a public discussion of the potential evidence in this case and will direct Defendants to take another stab at redactions with this in mind.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' unopposed Motion to Seal, Dkt. #403, is GRANTED IN PART AND DENIED IN PART. The filings at Dkt. #401 and #405 are to remain under seal. Defendants are DIRECTED to file a revised redacted version of the Motion, redacting only those portions of the Motion that quote or directly incorporate confidential information, and removing redactions from attorney argument or generalized summary of exhibits otherwise under seal consistent with the above. This revised redacted version of the Motion is to be filed within the next 30 days.

1  DATED this 29th day of July, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE