THE HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECTRA COMMUNICATIONS AB and COLUMBITECH, INC.<br>Plaintiffs,<br>vs.<br>ABSOLUTE SOFTWARE, INC. and MOBILE SONIC, INC.,<br>Defendants. | Case No. 2:22-cv-00353-RSM<br>**PLAINTIFFS' MOTIONS IN LIMINE**<br>**NOTE ON MOTION CALENDAR: October 31, 2024**<br>**ORAL ARGUMENT REQUESTED** |



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Plaintiffs respectfully move in limine to preclude Defendants from introducing improper evidence or argument during trial. Pursuant to LCR 7(d)(5), counsel for Plaintiffs certifies that it met and conferred in good faith with counsel for Defendants by telephone and email as to the motions in limine raised herein.

## I. MOTION IN LIMINE NO. 1: NEITHER PARTY SHALL PRESENT EVIDENCE OR ARGUE THAT THEY DO NOT INFRINGE THE OTHER PARTY'S ASSERTED PATENT CLAIMS BECAUSE THEY ALLEGEDLY PRACTICE THE PRIOR ART

"Practicing the prior art" is not a defense and the Federal Circuit has time and again cautioned against arguments "where an accused infringer compares the accused infringing behavior to the prior art in an attempt to prove that its conduct is either noninfringing or the patent is invalid as anticipated because the accused conduct is simply 'practicing the prior art.'" *Cordance Corp. v. Amazon.com, Inc.*, 658 F.3d 1330, 1337 (Fed. Cir. 2011). Defendants should be precluded from arguing or presenting evidence that they practice the prior art because such arguments are irrelevant and confusing to the jury. The Federal Circuit "made unequivocally clear in *Baxter* that there is no 'practicing the prior art' defense to literal infringement." *Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1365 (Fed. Cir. 2002) ("Questions of obviousness in light of the prior art go to validity of the claims, not to whether an accused device infringes") (citing *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1583 (Fed. Cir. 1995)). Allowing Defendants to compare the Accused Products to the prior art could "potentially allow [Defendants] to skirt evidentiary hurdles and conflate the infringement and invalidity inquiries." *01 Communique Lab., Inc. v. Citrix Systems, Inc.*, 889 F.3d 735, 742 (Fed. Cir. 2018). Any comparison of an Accused Product to prior art should be precluded.

To prove invalidity, a challenger must provide comparison of the claims to the prior art. *Tate Access Floors*, 279 F.3d at 1367 ("[I]t is the presence of the prior art and its relationship to the claim language that matters for invalidity."). Defendants' expert, Dr. Polish, however, did



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

not compare the claim elements to the prior art. Instead, he compared Defendants' accused product with the prior art to arrive at the opinion that if the accused product infringes the patent, then the patent is invalid because the same features were found in the prior art. Such a comparison of accused products to the prior art is improper for violating black-letter Federal Circuit law and any such suggestion to the jury would inject legal error into the resulting verdict.

Defendants do not contend that the Asserted Claims must be read so broadly to cover the Accused Products that they encompass the prior art. So, any comparison of the Accused Products to any prior art is irrelevant and confusing. Allowing Defendants to shortcut its burden and argue that its infringement necessarily would mean the Asserted Claims are invalid would cause speculation and confusion by the jury and undue prejudice to Plaintiffs. Fed. R. Evid. 403.

Courts have routinely granted motions in limine precluding this kind of improper comparison between accused products and prior art. *See, e.g., Intell. Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00989-JRG, 2018 WL 10638138, at *3 (E.D. Tex. Apr. 26, 2018) (granting plaintiff's motion in limine excluding (a) comparisons of the accused products "to any commercial embodiments or prototypes of the asserted patents" and (b) any "compar[ison] . . . of the accused instrumentalities to any purported prior art device, patent, or system"); *Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-CV-621-JRG-RSP, 2016 WL 7743510, at *3 (E.D. Tex Sept. 21, 2016) (stating that Defendant "may not compare an accused product to the prior art for purposes of establishing non-infringement or invalidity"); *Packet Intel. LLC v. NetScout Sys., Inc.*, No. 2:16- CV-147-JRG, 2017 WL 11631146, at *1 (E.D. Tex. Sept. 29, 2017) (granting motion in limine to preclude arguments that suggest that practicing the prior art is a defense); *Sunstone v. IBM*, No. 6:20-CV-1033-ADA, Dkt. No. 134 at 2 (W.D. Tex. Aug 1, 2022).



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## II. MOTION IN LIMINE NO. 2: NEITHER PARTY SHALL PRESENT EVIDENCE OR ARGUMENT COMPARING INFRINGEMENT CONTENTIONS TO THE PRIOR ART TO PROVE INVALIDITY

To prove invalidity, a challenger must provide comparison of the claims to the prior art. *Tate Access Floors*, 279 F.3d at 1367 ("[I]t is the presence of the prior art and its relationship to the claim language that matters for invalidity."). Defendants' expert, Dr. Polish, however, did not compare the claim elements to the prior art. Instead, he compared Sectra's infringement contentions against the prior art to arrive at his invalidity opinions. The Federal Circuit held in no uncertain terms that "mere proof that the prior art is identical, in all material respects, to an allegedly infringing product cannot constitute clear and convincing evidence of invalidity." *Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008).

Dr. Polish flouted the burden of proving invalidity at every opportunity. He relies on five different invalidity grounds, but each ground is based on an improper comparison of the accused product to the prior art, where he opines that the "same features and functionalities" identified in the accused products are also found in the prior art:

| Prior Art Ground | Dr. Polish's Opinion |
|---|---|
| WRQ NetMotion (Ex. A (Polish Invalidity Report) ¶146): | "To the extent that this term is not found to be indefinite, however, <u>the same features and functionalities that Plaintiff identifies in the later Accused NetMotion Instrumentalities for purposes of infringement</u> are also present in the earlier Prior Art NetMotion Instrumentalities." |
| Hanson (Ex. A (Polish Invalidity Report) ¶319): | "To the extent that this term is not found to be indefinite, however, <u>the same features and functionalities that Plaintiff identifies in the later Accused NetMotion Instrumentalities for this claim element in its infringement contentions</u> are also disclosed by Hanson." |
| Dowling (Ex. A (Polish Invalidity Report) ¶511): | "To the extent that this term is not deemed be indefinite, however, <u>the same features and functionalities that Plaintiff identifies in the Accused NetMotion Instrumentalities for this claim element in its infringement contentions</u> are also disclosed, taught, and suggested by Dowling." |
| Sturniolo (Ex. A (Polish Invalidity Report) ¶444) | "Accordingly, <u>to the extent that the Accused NetMotion Instrumentalities include (sic) infringe the Asserted Claims, the Prior Art NetMotion Instrumentalities (alone and in the proposed</u> |



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| Prior Art Ground | Dr. Polish's Opinion |
|---|---|
| | combinations with Hanson and Sturniolo) anticipates and renders obvious the Asserted Claims." |
| Ismailov patent and article (Ex. A (Polish Invalidity Report) ¶687): | "To the extent that this term is not found to be indefinite, however, Ismailov and the Ismailov Article teach and render obvious (separately and together) 'causing said first and said second session layers to use a common session protocol to ensure that traffic belonging to…,' under Plaintiff's apparent interpretation and application of this claim element for purposes of infringement." |

Dr. Polish readily admitted he did not compare the claims to the prior art: "[redacted]" Ex. B (Polish Depo – 6/24/24) at 88:4-23; *see also id.* at 177:22-178:19 ("[redacted]"). When asked if he could identify any opinions in his report where he compared the asserted claims (as construed by the Court) to the prior art, his response was: "[redacted]" *Id.* at 176:16-25. Any comparison between the infringement contentions (describing the accused products) and the prior art in the form of evidence, argument or testimony must be excluded from the presence of the jury.

During the parties' conference, Defendants agreed that they would not argue non-infringement by suggesting that they practice the prior art. Ex. C (10/4/2024 email from S. Schickel) at 2. Defendants, however, would not agree to an order in limine to that effect, which is why a ruling from the Court is necessary.

## III. MOTION IN LIMINE NO. 3: NEITHER PARTY SHALL ARGUE OR PRESENT EVIDENCE SUGGESTING A PARTY'S CORPORATE REPRESENTATIVE AT TRIAL IS OBLIGATED TO PREPARE ON ANY PARTICULAR TOPIC OR IS CHARGED WITH THE KNOWLEDGE OF OTHERS

Defendants should be precluded from suggesting that Plaintiffs' corporate representative at trial has a legal obligation to be prepared to and testify on any particular topic or should be



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

expected to know all information that resides within the company. Plaintiffs fully intend to have a corporate representative present at trial on the company's behalf and to have him/her testify regarding information within their personal knowledge. However, Defendants should not be permitted to imply to the jury that the corporate representative is expected to have knowledge regarding every topic that might be relevant to the case. Such a suggestion or argument is significantly prejudicial and ignores the commonsense notion that each individual within a corporation is likely to have knowledge about their area of expertise, but not necessarily have knowledge about every aspect of every issue that the corporation may have encountered. Other courts have granted such motions in limine in the past, finding them to have good merit. *See CloudofChange, LLC v. NCR Corp.*, No. 6:19-CV-00513-ADA, Dkt. No. 204 at 5 (W.D. Tex. Nov. 8, 2021) (granting "Defendant's MIL 7: No Argument, Evidence, or Questions Suggesting a Party's Corporate Representative at Trial Is Obligated to Prepare on Any Particular Topic or Is Charged with the Knowledge of Others within the Company").

## IV. MOTION IN LIMINE NO. 4: DEFENDANTS SHALL NOT REFERENCE ANY UNACCEPTED OFFERS TO LICENSE OR SELL PLAINTIFFS' ASSERTED PATENT

Plaintiffs move to exclude any references to unaccepted offers to license or sell Plaintiffs' Asserted Patent, including offers involving non-party [redacted]. The Federal Circuit has repeatedly warned that unaccepted, non-binding offers provide little probative value regarding comparable licenses and received royalty rates. *Deere & Co. v. Int'l Harvester Co.*, 710 F.2d 1551, 1557-58 (Fed. Cir. 1983) (upholding district court's decision to give little probative value to an offer to license); *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1078-79 (Fed. Cir. 1983) ("The fact that licenses were offered at a particular rate does not show that that rate was the 'established' rate, since the latter requires actual licenses, not mere offers to license."); *see also Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 29-30 (Fed. Cir. 2012) (recognizing that "[a proposed



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

license's] evidentiary value is limited"). Unexecuted offers allow for inaccurate patent valuations, fail to establish royalties received, and risk skewing the damages horizon for the jury. *Hanson*, 718 F.2d at 1078-79; *Deere*, 710 F.2d at 1557-58; *see also Uniloc USA, Inc. v. Microsoft Corp*, 632 F.3d 1292, 1316-18 (Fed. Cir. 2011). Testimony based on such unreliable, non-comparable offers starts from an inherently flawed premise and should be excluded. *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010) (holding that a patentee cannot rely upon license agreements that are "radically different from the hypothetical agreement under consideration"); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1327 (Fed. Cir. 2009); *Uniloc USA, Inc.*, 632 F.3d at 1316-18.

The damages in this case should be based on the reasonable royalty that Columbitech and NetMotion would have agreed to in a hypothetical negotiation in 2013 where Columbitech and NetMotion agreed that (1) NetMotion was infringing the Asserted Patent and (2) the Asserted Patent is valid. To support a *de minimis* royalty, Defendants seek to offer evidence and opinions based on unconsummated offers in 2015 and 2019 between [redacted] (a non-party to this case) and Columbitech. *See, e.g.*, Ex. D (5/13/2024 Expert Report of Douglas Kidder Regarding Damages) at 41-43 (discussing the [redacted]-Columbitech offers in the *Georgia-Pacific* Factor 1 analysis). These unaccepted offers should be excluded as irrelevant because they were unaccepted and do not reflect any established rate. *See also, e.g.*, Ex. D at 62 (Mr. Kidder admitting that "[redacted]"). Courts regularly preclude references to unaccepted offers to purchase/license asserted patents. *See, e.g.*, *Cellular Communications Equipment LLC v. Apple Inc., et al.*, No. 6:14-cv-251-KNM, Dkt. No. 261 at 1 (E.D. Tex. Sept. 2, 2016) (granting motion in limine to preclude "Any argument, evidence, testimony, or reference regarding unaccepted offers to purchase the patent-in-suit, the Plaintiff, or



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

affiliates of the Plaintiff.”). At the very least, the probative value of unaccepted offers to license or sell Plaintiffs’ Asserted Patent are substantially outweighed by the danger of unfair prejudice and confusion of the issues. Fed. R. Evid. 402, 403.

## V. MOTION IN LIMINE NO. 5: THE PARTIES SHALL BE PRECLUDED FROM INTRODUCING EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING PRIOR ART THAT IS NOT DISCLOSED IN A SPECIFIC COMBINATION SET FORTH IN ANY PARTY’S EXPERT REPORT OR INVALIDITY CONTENTIONS.

Plaintiffs move to preclude any party from introducing evidence, testimony, or argument regarding prior art that was not disclosed in a specific combination set forth in any party’s expert report or invalidity contentions. Courts across the country have issued standard orders in limine prohibiting such backdoor attempts to introduce unelected prior art to prove invalidity at trial. *See* Ex. E (EDTX Standard MIL 4) at 2 (“The parties shall be precluded from introducing evidence, testimony, or argument regarding prior art that is not disclosed in a specific combination set forth in any party’s expert report or invalidity contentions.”); Ex. F (WDTX Standard MIL 4) at 22 (same).

Not precluding the use of uncharted references would “defeat[] the purpose of requiring election of prior art and it is exactly the risk that Rule 403 was intended to address.” *Red Rock Analytics, LLC v. Samsung Elecs. Co.*, Ltd., No. 2:17-CV-101-RWS-RSP, Dkt. No. 244 at 2 (E.D. Tex. Mar. 14, 2019). As such, Plaintiffs ask that the Court preclude any party from “relying on uncharted prior art to prove invalidity, for example, by demonstrating that uncharted prior art discloses or suggests elements of the asserted claims,” from “introducing uncharted prior art as an exhibit,” from “display[ing] uncharted prior art to the jury as a demonstrative,” or from otherwise referencing such art before the jury. *Perdiemco, LLC v. Industrack LLC*, No. 2:15-cv-00727-JRG, Dkt. No. 250 at 2 (E.D. Tex. Oct. 13, 2016).

## VI. MOTION IN LIMINE NO. 6: THE PARTIES SHALL BE PRECLUDED FROM INTRODUCING EVIDENCE, TESTIMONY, OR ARGUMENT FOR PURPOSES OF



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**NON-INFRINGEMENT COMPARING THE ACCUSED PRODUCT OR METHOD TO THE PREFERRED EMBODIMENTS, THE SPECIFICATION, OR ANY NON-ACCUSED PRODUCT OR METHOD**

Plaintiffs move in limine to exclude any statement, argument, testimony or evidence by Defendants comparing any embodiments in the Asserted Patents to the Accused Products. For both invalidity and infringement, the proper comparison is to the construed claims and nothing else. It is well-settled that "[i]nfringement, literal or by equivalents, is determined by comparing an accused product not with a preferred embodiment described in the specification, or with a commercialized embodiment of the patentee, but with the properly and previously construed claims in suit." *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985) (en banc); *see also Johnson & Johnson Assocs., Inc. v. R.E. Serv. Co.*, 285 F.3d 1046, 1052 (Fed. Cir. 2002). The Federal Circuit has "repeatedly said, it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent." *Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994). Any differences between preferred embodiments in the specification, on the one hand, and Defendants' Accused Products, on the other hand, are irrelevant to any issue before the jury. Defendants should not be permitted to make this sort of comparison or suggest that any differences between Defendants' products and the preferred embodiments are relevant to the jury's infringement analysis. Fed. R. Evid. 401, 402.

As with infringement, the proper comparison for invalidity is to compare the construed claims to the prior art. Defendants should not be permitted to argue that the Asserted Patents are invalid by comparing the prior art to embodiments in the Asserted Patents (or any other embodiments or products) rather than the construed claim language. In addition, Defendants should not be permitted to expound upon the meaning and scope of the Court's claim construction



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

by virtue of improperly reading limitations from preferred embodiments into the claims. *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 913 (Fed. Cir. 2004) ("[I]t is improper to read limitations from a preferred embodiment described in the specification – even if it is the only embodiment – into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited."); *see also, e.g.*, *Linear Tech. Corp. v. U.S. Int'l Trade Comm.*, 566 F.3d 1049, 1058 (Fed. Cir. 2009) ("We have repeatedly held that, even in situations when only one embodiment is disclosed, the claims generally should not be narrowed to cover only the disclosed embodiments or examples in the specification.").

Courts across the country have issued standard orders in limine prohibiting any such comparisons of the accused product or method to the preferred embodiments, the specification, or any non-accused product or method. *See* Ex. E (EDTX Standard MIL 18) at 3 ("The parties shall be precluded from introducing evidence, testimony, or argument for purposes of infringement or non-infringement comparing the accused product or method to the preferred embodiments, the specification, or any non-accused product or method."); Ex. F (WDTX Standard MIL 18) at 24 (similar).

## VII. MOTION IN LIMINE NO. 7: NO EXPERT WITNESS MAY TESTIFY TO EXPERT OPINIONS OUTSIDE THE ESTABLISHED PARAMETERS OF HER/HIS EXPERT REPORT, AND COUNSEL SHALL NOT RAISE SUCH AN OBJECTION FOR STRATEGIC OR OTHER NON-MERITORIOUS PURPOSES.

Under the Federal Rules, an expert must provide an expert report disclosing the opinions they will testify to. Fed. R. Civ. P. 26(a)(2)(B). In the case of an expert's rebuttal testimony, this report must be provided to the opposing party within 30 days of the original opinion's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii). Experts cannot testify outside the scope of their expert reports. Fed. R. Civ. P. 26(a)(2)(B). "The interest served by requiring the disclosure of expert opinions is self-



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

evident. It is to prevent unfair surprise at trial and to permit the opposing party to prepare for the expert's cross examination." *Coles v. Perry*, 217 F.R.D. 1, 4 (D.D.C. 2003).

Defendants have proposed a new rule, wherein rebuttal experts should be allowed to opine outside the scope of their expert reports and offer entirely new opinions at trial so long as they respond to the "subject matter" of another expert's trial testimony. Ex. C (10/4/2024 email from S. Schickel) at 5. Defendants' proposal frustrates both the letter and intent of Rule 26—it invites and encourages novel rebuttal opinions that render effective cross-examination impossible. Further, it would obviate the rebuttal expert reports prepared pursuant this Court's scheduling order. Defendants' approach incentivizes them to elicit testimony on cross-examination of Plaintiffs' experts and then argue that the door was opened to allow Defendants' rebuttal experts to respond to this "subject matter" despite the rebuttal reports being silent on this "subject matter."

It is for these reasons that courts regularly exclude undisclosed direct and rebuttal expert opinion. *See, e.g.*, *D.T. by and through K.T. c. NECA/IBEW Family Med. Care Plan*, No. 17-cv-00004, 2020 WL 59647, at *2 (W.D. Wash. Jan. 6, 2020) (excluding rebuttal expert testimony "not disclosed prior to trial"); *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, No. 22-cv-00125, 2023 WL 8260251, at *5 (E.D. Tex. Nov. 28, 2023) ("At trial, Dr. Kramer will not be allowed to offer opinions not contained in the four corners of his report."); *HSS Enters., LLC v. AMCO Ins. Co.*, No. C06-1485, 2008 WL 11506715, at *6 (W.D. Wash. May 7, 2008) (excluding "previously undisclosed expert witnesses or undisclosed opinions from retained experts"); *Inline Connection Corp. v. AOL Time Warner, Inc.*, 472 F. Supp. 2d 604, 615 (D. Del. Feb. 5, 2007) (granting a motion to preclude an expert from responding to "testimony the expert hears at trial" because the party was "obligated to supplement its prior discovery responses or advise defendants in writing of . . . additional opinions"); *McNally v. Riis*, 2020 WL 209141, at *4–5 (S.D. Cal. Jan.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

14, 2020) ("Moreover, to allow Defendant's expert to offer opinions he did not include in his report and that Plaintiff had no chance to review and possibly rebut would be contrary to Federal Rule of Civil Procedure 26(a)(2)(B)(i) and highly prejudicial to Plaintiff."); *Virtru Corp. v. Microsoft Corp.*, No. 22-cv-00242, 2023 WL 11898407, at *1 (W.D. Tex. April 26, 2023) ("No expert witness may testify to expert opinions outside the established parameters of her/his expert report"); *accord Kozak v. Liberty Maritime Corp.*, 2024 WL 1558809, at *11 (E.D.N.Y. April 10, 2024) (denying a motion in limine requesting permission to allow an expert to opine outside the scope of their expert report); *LaSalle Bank Nat. Ass'n v. CBIC Inc.*, 2012 WL 466785, at *9 (S.D.N.Y. Feb. 14, 2012) (explaining that "[o]pinions that are not disclosed in the expert's report cannot be offered" by a defendant's expert).

## VIII. MOTION IN LIMINE NO. 8: NEITHER PARTY SHALL REFERENCE THE PRESENCE OR ABSENCE OF ANY PARTY'S CORPORATE REPRESENTATIVE, EMPLOYEE, OR OTHER WITNESS.

The presence or absence of any corporate representative, employee, or other witness does not—for any "fact . . . of consequence in determining the action"—"ha[ve] any tendency to make [that] fact more or less probable than it [otherwise] would be." Fed. R. Evid. 401. Plaintiffs are not aware of a single relevant fact on which such information could bear. Therefore, any reference to the presence or absence of a corporate representative, employee, or any other witness is not relevant and should not be allowed.

In fact, reference to the absence of any particular executive or employee could only be used to inflame the jury: for example, by suggesting that the case is not important enough or significant enough for their attention. This improper inference would be unfairly prejudicial, especially considering the lack of <u>any</u> probative value as counterbalance. Fed. R. Evid. 403.

For these reasons, courts regularly grant motions in limine preventing such argument. *See, e.g.*, *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, No. 15-C-3941, 2017 WL



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

5029601, at *2–3 (N.D. Ill. Nov. 3, 2017) (precluding reference to defendant's corporate representative because plaintiff could not "explain how an Auxilium representative's absence or presence at trial 'has any tendency to make a fact more or less probable than it [otherwise] would be'"); *Ray v. Ford Motor Co.*, No. 3:07-cv-175, 2011 WL 6183099, at *6 (M.D. Ala. Dec. 13, 2011) ("The court finds that the presence or absence of a corporate representative will not make the existence of any fact necessary to the Plaintiffs' claims any more or less probable, and is therefore irrelevant."); *Riley v. Ford Motor Co.*, No. 2:09-cv-148, 2011 WL 3273592, at *3 (S.D. Miss. July 29, 2011) ("The presence, absence, or identity of Defendants' corporate representatives is wholly irrelevant to Plaintiffs' claims."); *Torkie-Tork v. Wyeth*, No. 1:04-cv-945, 2010 WL 11431846, at *2 (E.D. Va. Nov. 17, 2010) ("Mention of the corporate representative's presence has virtually no probative value, and in any event, to the extent such an observation has any probative value, that value is substantially outweighed by the danger of unfair prejudice."); *accord Stubblefield v. Suzuki Motor Corp.*, No. 3:15-cv-18, 2018 WL 4610895, *6 (S.D. Miss. Sept. 25, 2018) ("[W]hen a corporate representative fails to attend trial, counsel opposite may seek to inflame the jury suggesting that the company does not care about the ailing plaintiff. This court is persuaded this would be improper."); *see also Acorn Semi, LLC, v. Samsung Elecs.*, No. 19-cv-00347-JRG, at *22 (E.D. Tex., April 29, 2021) ("Neither party is permitted to make 'empty chair' arguments."); *Arendi S.A.R.L. v. Google LLC,* C.A. No. 13-919-JLH, Dkt. No. 455 at *4 (D. Del. Apr. 11, 2023) ("Neither party shall reference the presence or absence of any party's corporate representative, employee, or other witness."). Plaintiffs therefore request the Court bar the parties from referencing the presence or absence of any party's corporate representative, employee, or other witness.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## IX. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grants Plaintiffs' motions in limine.

Dated this 8 of October, 2024. Respectfully submitted,

I certify that this memorandum contains 4,056 words, in compliance with the Local Civil Rules.

/s/ *William R. Squires III*

William R. Squires III, WSBA No. 4976
**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600
Fax: (206) 625-0900
rsquires@corrcronin.com

Stephen M. Hash (*pro hac vice*)
Texas Bar No. 24012800
Kevin J. Meek (*pro hac vice*)
Syed K. Fareed (*pro hac vice*)
Samoneh Schickel (*pro hac vice*)
**MCDERMOTT WILL & EMERY**
101 Congress Avenue, Suite 500
Austin, TX 78701-4076
Telephone: (512) 322-2587
Facsimile: (512) 322-3687
shash@mwe.com
kmeek@mwe.com
sfareed@mwe.com
sschickel@mwe.com

***ATTORNEYS FOR PLAINTIFFS SECTRA COMMUNICATIONS AB AND COLUMBITECH INC.***