# EXHIBIT C

**From:** Schickel, Samoneh
**To:** Leeper, Allie Dunworth; Chen, Reuben; Lau, Andrew; z/Absolute-Sectra
**Cc:** Sectra v NetMotion Case; Squires, Randy
**Subject:** RE: Sectra v. Absolute: Motions in Limine - Reply Due Date
**Date:** Friday, October 4, 2024 7:00:00 PM

Allie,

Our responses are in red font in-line below. If you could let us know your position on our responses this evening, we would appreciate it.

Regards,
Sammy

SAMMY SCHICKEL
Partner
**McDermott Will & Emery LLP** 300 Colorado Street, Suite 2200, Austin, TX 78701
**Tel** +1 512 298 5686 **Email** sschickel@mwe.com
Website | vCard | LinkedIn

**From:** Leeper, Allie Dunworth <aleeper@cooley.com>
**Sent:** Friday, October 4, 2024 3:11 PM
**To:** Schickel, Samoneh <Sschickel@mwe.com>; Chen, Reuben <rchen@cooley.com>; Lau, Andrew <Andrew.Lau@cooley.com>; z/Absolute-Sectra <zAbsoluteSectra@cooley.com>
**Cc:** Sectra v NetMotion Case <SectravNetMotionCase@mwe.com>; Squires, Randy <rsquires@corrcronin.com>
**Subject:** RE: Sectra v. Absolute: Motions in Limine - Reply Due Date

**[ External Email ]**

Sammy,

I have copied over your summary and respond to your email on Sectra's MILs inline below in blue. Below that, I have summarized the parties' discussions on Absolute's MILs (in black text). Please likewise confirm whether we have agreement on the following of Absolute's MILs, or provide the further information discussed on our meet and confer, by close of business today.

**Sectra's MILs:**

1. Sectra MIL No. 1: Defendants shall be precluded from introducing evidence, testimony, or argument before the jury that does not relate to the causes of action asserted in this litigation and any issues to be decided by the jury.
   - As discussed on the call, Sectra is willing to drop this MIL, if Defendants agree to our proposed revisions to Defendants' MIL 4, as follows: ***"The parties shall be***

***precluded from introducing evidence, testimony, or argument before the jury that does not relate to the causes of action asserted in this litigation or relates only to equitable defenses or equitable counterclaims (i.e., evidence that does not also serve another evidentiary purpose relevant to the issues that the jury will be asked to resolve ~~jury issues~~).”*** Please confirm that Defendants agree.

- Defendants can agree to the following: ***“The parties shall be precluded from introducing evidence, testimony, or argument before the jury that does not relate to the causes of action asserted in this litigation or relates only to equitable claims, equitable defenses or equitable counterclaims (i.e., evidence that does not also serve another evidentiary purpose relevant to the issues that the jury will be asked to resolve ~~jury issues~~).”*** Please confirm by close of business today that this is acceptable to Sectra and will resolve Sectra’s MIL 1 and Absolute’s MIL 4.
- We are willing to agree to this MIL as you have drafted, so long as Defendants confirm that this MIL does not preclude Plaintiffs from introducing evidence, testimony, or argument on its equitable tolling defense or Plaintiffs damages relief, including unjust enrichment. To the extent Defendants refuse to confirm this, please let us know if Defendants will agree to Plaintiffs’ MIL 1 as originally drafted, except with “Defendants” replaced with “The Parties.”

2. Sectra MIL No. 2: Neither party shall present evidence or argue that they do not infringe the other party’s asserted patent claims because they allegedly practice the prior art.
   - You stated that Defendants would agree to this MIL with some modification—specifically, that Defendants need to put into evidence that its product practices the ’047 Patent and that the ’047 Patent is prior art. Please propose language for our consideration.
   - We can agree to the following: ***“Neither party shall present evidence or argue for purposes of non-infringement that they do not infringe the other party’s asserted patent claims because they allegedly practice the prior art. Evidence and argument that a party practices the prior art may be presented for purposes other than non-infringement, such as invalidity and damages.”***
   - We cannot agree to your proposal. Plaintiffs will be sticking with the original language in our MIL.
3. Sectra MIL No. 3: Neither party shall present evidence or argument comparing infringement contentions to the prior art to prove invalidity.
   - Heidi stated that Defendants aren’t going to put Plaintiffs’ infringement contentions into evidence, but that Defendants need to be able to say that based on Plaintiffs’ infringement interpretation, the asserted claims of Plaintiffs’ asserted patent are invalid. Please propose language for our consideration.
   - We can agree to the following: ***“Neither party shall introduce either party’s***

***infringement contentions into evidence."***

- We cannot agree to your proposal. We can agree to the following MIL revision: "Neither party shall present evidence or argument comparing infringement contentions to the prior art to prove invalidity and neither party shall introduce either party's infringement contentions into evidence."

4. Sectra MIL No. 4: Neither party shall argue or present evidence suggesting a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with the knowledge of others.
    - You stated that Defendants would agree to this with some minor modifications. Please send those modifications to us for our review.
    - We propose the following: ***"Neither party shall argue or present evidence suggesting a party's corporate representative at trial is obligated to testify to or be knowledgeable about any topics other than those within the witness's personal knowledge and any topics for which that witness was designated as the 30(b)(6) witness at deposition."***
    - We cannot agree to your proposal and will be sticking with our original MIL.
5. Sectra MIL No. 5: Neither party shall present evidence or arguments concerning any matters not timely disclosed under the Federal Rules of Civil Procedure, the Local Rules, or the Court's orders.
    - You stated that Defendants will agree to this but want to add clarifying language that the parties can offer evidence or argument for impeachment that is not required to be disclosed. Please send this language to us for review.
    - We can agree to the following: ***"Neither party shall present evidence or arguments concerning any matters not timely disclosed under the Federal Rules of Civil Procedure, the Local Rules, or the Court's orders, except for evidence or arguments not required to be disclosed."***
    - Is it Defendants position that impeachment evidence need not have been produced in the case? If that is Defendants position, we cannot agree to your revision.
6. Sectra MIL No. 6: Neither party shall present evidence or argument that certain claims (patent claims and/or causes of actions) were dropped or withdrawn.
    - Defendants agreed to this MIL.
    - Confirmed
7. Sectra MIL No. 7: Defendants shall not reference any unaccepted offers to license or sell the '437 Patent.
    - Defendants refused to agree to this MIL.
    - Confirmed, we disagree with this MIL.
8. Sectra MIL No. 8: The parties shall be precluded from introducing evidence, testimony, or argument that raises religious or political beliefs, race, ethnicity, gender, national origin, sexual orientation, or health (including but not limited to vaccination status) of a party, witness, attorney, or law firm.

- You stated that you would agree to this MIL with a carve out that you would propose regarding a witness who is immunocompromised. Please send us the carve out so that we can review.
- We propose the following: ***"The parties shall be precluded from introducing evidence, testimony, or argument that raises religious or political beliefs, race, ethnicity, gender, national origin, sexual orientation, or health (including but not limited to vaccination status) of a party, witness, attorney, or law firm, except that if accommodations are required to permit a witness with health issues to testify, the accommodations can be explained to the jury."***
- We can agree to your proposal.

9. Sectra MIL No. 9: The parties shall be precluded from introducing evidence, testimony, or argument regarding prior art that is not disclosed in a specific combination set forth in any party's expert report or invalidity contentions.
    - You stated that you would agree to this MIL if we revised it to specify combinations under Sections 102/103. We cannot agree to this revision. Please confirm that without this revision, Defendants will not agree to this MIL.
    - Defendants cannot agree to the MIL as drafted. Defendants could agree to the following: ***"The parties shall be precluded from introducing evidence, testimony, or argument that a patent is invalid under 35 U.S.C. § 102 or 103 based upon prior art that is not disclosed in a specific combination set forth in any party's expert report or invalidity contentions."*** However, it sounds as though Sectra refuses to accept that modification.
    - We cannot agree to your proposal and will be sticking with the original MIL language.
10. Sectra MIL No. 10: The parties shall be precluded from introducing any argument, evidence, testimony, insinuation, reference, or assertion regarding a witness' choice to testify in his or her native or chosen language (being any language other than English).
    - Defendants stated that they agreed to this MIL.
    - Confirmed. Sectra also stated that it was not yet sure whether any of its witnesses would testify in a language other than English, but if so, the parties will meet and confer to discuss the use of an interpreter.
11. Sectra MIL No. 11: The parties shall be precluded from introducing evidence, testimony, or argument for purposes of non-infringement comparing the accused product or method to the preferred embodiments, the specification, or any non-accused product or method.
    - You stated that Defendants generally agree to this but want to revise the language to add infringement and make it clear that the expert testifying may still be able to discuss the specification. Our proposed revision to this MIL is: The parties shall

be precluded from introducing evidence, testimony, or argument for purposes of infringement or non-infringement comparing the accused product or method to the preferred embodiments, the specification, or any non-accused product or method. The parties are otherwise permitted to introduce evidence, testimony, or argument regarding the specifications of the asserted patents. Please let us know if you are in agreement.

- We can agree to the following further clarification: ***"The parties shall be precluded from introducing evidence, testimony, or argument for purposes of infringement or non-infringement comparing the accused product or method to the preferred embodiments, the specification, or any non-accused product or method. The parties are otherwise permitted to introduce evidence, testimony, or argument regarding the specifications of the asserted patents, including preferred embodiments, as well as evidence, testimony, or argument regarding non-accused products or methods."***
- We don't understand the relevance of non-accused products or methods. Please explain Defendants position on this.

12. Sectra MIL No. 12: The parties shall be precluded from introducing evidence, testimony, or argument suggesting that a verdict in one party's favor would impact the cost of goods or services or would have other commercial impacts.
    - You stated that Defendants agree to this MIL.
    - Confirmed.
13. Sectra MIL No. 13: No expert witness may testify to expert opinions outside the established parameters of her/his expert report, and counsel shall not raise such an objection for strategic or other non-meritorious purposes.
    - You/Heidi stated that you agree to this MIL but Defendants want to clarify that if a witness says something on cross that isn't in their expert report (i.e., it's new to the case), then the rebuttal witness should be able to address that. We are not willing to agree to this. In light of that, please let us know if Defendants will agree to this MIL as currently drafted.
    - For clarity, we provided cross examination of a witness as one way in which this may arise. Our understanding of this MIL (which we have also proposed) is that it is within the established parameters of a rebuttal expert's report to respond to the testimony of the expert witness whose testimony is being rebutted. In other words, both sides' rebuttal experts may listen to the live testimony of the experts they are rebutting (as stated in their expert reports) and respond to that testimony to the extent it addresses the subject matter for which the rebuttal expert is offering a rebuttal. Please confirm whether Sectra agrees or disagrees with that interpretation of the proposed MIL. If that is not Sectra's understanding of the MIL, then we cannot agree to this language.

- That is not Sectra's understanding of the MIL.

14. Sectra MIL No. 14: Neither party shall reference the presence or absence of any party's corporate representative, employee, or other witness.
    - You stated that Defendants disagree.
    - Confirmed, we disagree with this MIL.

**Absolute's MILs**

1. You stated that you would not agree to the inclusion of "sealing motions." We have considered whether to modify this MIL and will proceed with briefing the MIL as stated. We understand that you will oppose this MIL. Confirmed, we oppose.
2. This is a duplicate of Sectra's MIL #8, with the same clarification noted above. We are fine with this.
3. You stated that you would agree solely as to "executive compensation." We are considering your proposal.
4. This is addressed above.
5. You agreed to MIL #5.
6. You stated that you could not agree to this as drafted because you wish to use documents that use the quoted language. ***We propose the following modification: "The parties shall be precluded from introducing evidence, testimony, or argument referring to any other person or entity as "greedy," "corrupt," "evil," or "dishonest," or using any other pejorative term. The parties shall also be precluded from introducing evidence, testimony, or argument that characterizes any other person or entity's actions as "stealing," "copying," "misappropriating," "pirating," "trespassing," or any similar terms. <u>Notwithstanding the foregoing, the parties shall be permitted to introduce into evidence documents that use such language, if otherwise admissible, and to quote from any such documents."</u>*** We cannot agree to this.
7. You stated that you could agree to MIL #7 with a carve out to use the notice of allowance for the '437 patent. If you have a proposed modification to MIL #7, please send it to us for our consideration. Proposed revision: The parties shall be precluded from introducing evidence, testimony, or argument bolstering or disparaging the U.S. Patent Office, its examiners, or the process for prosecuting patent applications or granting patents in the United States. This does not preclude factual evidence as to the operations of the USPTO. This also does not preclude either party from introducing evidence, testimony, or argument regarding the prosecution history of either asserted patent.
8. You raised a similar objection to MIL #8 as to MIL #6. We propose the same modification: ***"The parties shall be precluded from introducing evidence,***

***testimony, or argument referring to any other person or entity in disparaging ways, such as a "patent troll," "pirate," "bounty hunter," "bandit," "playing the lawsuit lottery," "shell company," "shakedown artist," "patent assertion entity," or any such similar terms. Use of the term "non-practicing entity" is permitted. Notwithstanding the foregoing, the parties shall be permitted to introduce into evidence documents that use such language, if otherwise admissible, and to quote from any such documents."*** We can't agree to this.

9. You stated that you could agree to MIL #9 if we removed insurance. We do not agree to this modification. We understand that you will oppose this MIL. Confirmed, we oppose.
10. You stated that you want to use emails referencing prior litigations. We can agree to the following modification: ***"The parties shall be precluded from introducing evidence, testimony, or argument regarding either party's other litigations or arbitrations, including parallel proceedings in any other court, tribunal, or forum, including ADR proceedings. Notwithstanding the foregoing, the parties shall be permitted to introduce into evidence documents that reference such other litigations or arbitrations, if otherwise admissible, and to solicit otherwise-admissible testimony about any such documents for purposes other than soliciting testimony about prior litigations or arbitrations."*** We can't agree to this.
11. You agreed to MIL #11.
12. You stated that you disagree with MIL #12.
13. You agreed to MIL #13.
14. You stated that you could likely agree to MIL #14 but would confirm by email. Please confirm whether you agree with MIL #14. Confirmed, we agree.
15. You stated that you disagree with MIL #15. Confirmed, we disagree.
16. You agreed to MIL #16.
17. This is the same as Sectra's MIL #13, for which we seek the same clarification that the parties have a shared understanding of the MIL, as stated above. If Sectra does not agree (as it sounds like you do not), then we will either withdraw our MIL or propose language clarifying the parties' disagreement in scope. Sectra does not have the same understanding as Defendants with respect to this MIL.
18. You agreed to MIL #18.
19. You stated that you wanted to carve out the ability to discuss the Swedish patent filing date without using it as a priority date, and that you would send proposed modifications. We are willing to consider your modifications and will let you know if we can agree. Proposed Modification: The parties shall be precluded from introducing evidence, testimony, or argument in favor of a priority date for any patent-in-suit that is earlier than the priority date disclosed in that party's infringement contentions. The parties

are otherwise allowed to introduce evidence, testimony, or argument regarding the dates of the patents and patent applications on the face of Plaintiffs asserted patent.

20. You agreed to MIL #20.
21. You stated that you disagree with MIL #21. Confirmed, we disagree.
22. You stated that you disagree with MIL #22. Confirmed, we disagree.

-Allie

---

**From:** Schickel, Samoneh <Sschickel@mwe.com>
**Sent:** Friday, October 4, 2024 6:21 AM
**To:** Leeper, Allie Dunworth <aleeper@cooley.com>; Chen, Reuben <rchen@cooley.com>; Lau, Andrew <Andrew.Lau@cooley.com>; z/Absolute-Sectra <zAbsoluteSectra@cooley.com>
**Cc:** Sectra v NetMotion Case <SectravNetMotionCase@mwe.com>; Squires, Randy <rsquires@corrcronin.com>
**Subject:** RE: Sectra v. Absolute: Motions in Limine - Reply Due Date

**[External]**

---

Allie,

I write to follow up on our meet and confer yesterday with respect to the Sectra's MILs. Given that the parties' MIL briefing is due on 10/8, please let us know by COB today if we are in agreement on the MILs below. Otherwise, please send us your proposed revisions by COB today.

**Sectra's MILs:**

1. Sectra MIL No. 1: Defendants shall be precluded from introducing evidence, testimony, or argument before the jury that does not relate to the causes of action asserted in this litigation and any issues to be decided by the jury.

- As discussed on the call, Sectra is willing to drop this MIL, if Defendants agree to our proposed revisions to Defendants' MIL 4, as follows: ***"The parties shall be precluded from introducing evidence, testimony, or argument before the jury that does not relate to the causes of action asserted in this litigation or relates only to equitable defenses or equitable counterclaims (i.e., evidence that does not also serve another evidentiary purpose relevant to the issues that the jury will be asked to resolve ~~jury issues~~)."*** Please confirm that