THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

SECTRA COMMUNICATIONS AB, and COLUMBITECH INC.

Plaintiffs,

v.

ABSOLUTE SOFTWARE, INC. and MOBILE SONIC, INC.,

Defendants.

Case No. 2:22-cv-00353-RSM

**DEFENDANTS' MOTIONS *IN LIMINE***

**NOTED OF MOTION CALENDAR: October 31, 2024**

**ORAL ARGUMENT REQUESTED**



COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

# TABLE OF CONTENTS

**Page**


1. Defendants' MIL No. 1: The parties shall be precluded from introducing evidence, testimony, or argument regarding pretrial proceedings or issues including but not limited to discovery disputes, sealing motions, or dispositive motion practice. 1
2. Defendants' MIL No. 2: The parties shall be precluded from introducing evidence, testimony, or argument before the jury that relates only to equitable claims, equitable defenses or equitable counterclaims (i.e., evidence that does not also serve another evidentiary purpose relevant to jury issues). 3
3. Defendants' MIL No. 3: The parties shall be precluded from introducing evidence, testimony, or argument referring to any other person or entity as "greedy," "corrupt," "evil," or "dishonest," or using any other pejorative term. The parties shall also be precluded from introducing evidence, testimony, or argument that characterizes any other person or entity's actions as "stealing," "copying," "misappropriating," "pirating," "trespassing," or any similar terms. Notwithstanding the foregoing, the parties shall be permitted to introduce into evidence documents that use such language, if otherwise admissible, and to quote from any such documents. 4
4. Defendants' MIL No. 4: The parties shall be precluded from introducing evidence, testimony, or argument referring to any other person or entity in disparaging ways, such as a "patent troll," "pirate," "bounty hunter," "bandit," "playing the lawsuit lottery," "shell company," "shakedown artist," "patent assertion entity," or any such similar terms. Use of the term "non-practicing entity" is permitted. Notwithstanding the foregoing, the parties shall be permitted to introduce into evidence documents that use such language, if otherwise admissible, and to quote from any such documents. 4
5. Defendants' MIL No. 5: The parties shall be precluded from introducing evidence, testimony, or argument regarding funding of the litigation, regarding any comment on attorney-fee compensation including amounts or structure, or regarding the existence or non-existence of any insurance policy. 6
6. Defendants' MIL No. 6: The parties shall be precluded from introducing evidence, testimony, or argument regarding either party's other litigations or arbitrations, including parallel proceedings in any other court, tribunal, or forum, including ADR proceedings. 8
7. Defendants' MIL No. 7: The parties shall be precluded from introducing evidence, testimony, or argument regarding the fact that testimony or opinions offered by any expert may have been criticized, excluded, or found to be unreliable in any other forum. 10
8. Defendants' MIL No. 8: The parties shall be precluded from introducing evidence, testimony, or argument suggesting that the other party had an affirmative duty to seek opinion of counsel, and/or any inference that may be drawn as to what the contents of such an opinion would have been. 11



COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

**TABLE OF CONTENTS**
(continued)

**Page**

9. Defendants' MIL No. 9: The parties shall be precluded from introducing evidence, testimony, or argument in favor of a priority date for any patent-in-suit that is earlier than the priority date disclosed in that party's infringement contentions. .......... 12

10. Defendants' MIL No. 10: The parties shall be precluded from introducing evidence, testimony, or argument before the jury regarding any potential causes of action that are not part of the operative pleadings in this case, including any alleged breach of an actual or implied contract and/or duty of loyalty between Columbitech and any party who is not named as a defendant or counter-defendant in this litigation, including Adam Tiffany. .......... 14

11. Defendants' MIL No. 11: The parties shall be precluded from introducing evidence, testimony, or argument regarding the purchase price of Absolute Software's acquisition of NetMotion. .......... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carson Optical Inc. v. eBay Inc.*,
202 F. Supp. 3d 247 (E.D.N.Y. 2016) ....................12

*Clark v. Hanley*,
89 F.4th 78 (2d Cir. 2023) ....................4

*Clearly Food & Beverage Co. v. Top Shelf Beverages, Inc.*,
102 F. Supp. 3d 1154 (W.D. Wash. 2015)....................2

*Contour Ip Holding, LLC v. GoPro, Inc.*,
No. 3:17-cv-04738, 2021 WL 75666 (N.D. Cal. Jan. 8, 2021)....................5

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
809 F.3d 1092 (9th Cir. 2016) ....................2

*Doe v. Bridges to Recovery, LLC*,
No. 2:20-cv-348, 2021 WL 4690830 (C.D. Cal. May 19, 2021)....................5

*ESW Holdings, Inc. v. Roku, Inc.*,
No. 6:19-cv-00044-ADA (W.D. Tex. Mar. 23, 2021), Dkt. #150....................16

*Freshub, Inc. v. Amazon.com, Inc.*,
No. 6:21-cv-00511, 2021 WL 2587713 (W.D. Tex. June 13, 2021)....................16

*In re Gabapentin Pat. Litig.*,
MDL No. 1384, 2011 WL 1807448 (D.N.J. May 12, 2011) ....................7

*Gochev v. First Am. Prop. & Cas. Ins. Co.*,
No. C22-159, 2023 WL 6793928 (W.D. Wash. Oct. 13, 2023) ....................10

*Granite State Ins. Co. v. Smart Modular Techs., Inc.*,
76 F.3d 1023 (9th Cir. 1996) ....................3

*Grasshopper House, LLC v. Clean & Sober Media, LLC*,
No. 19-56008, 2021 WL 3702243 (9th Cir. Aug. 20, 2021) ....................3

*Halliburton Energy Servs., Inc. v. U.S. Well Servs. LLC*,
No. 6:21-cv-367-ADA (W.D. Tex. Aug. 7, 2023), Dkt. #418....................11

*In re Homestore.com, Inc.*,
No. CV 01-11115, 2011 WL 291176 (C.D. Cal. Jan. 25, 2011) ....................9



COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Jelinek v. Am. Nat'l Prop. & Cas. Co.*,
No. 2:15-CV-00779, 2019 WL 5425254 (W.D. Wash. Oct. 23, 2019) .......... 1, 15

*Kamakana v. City & Cnty. of Honolulu*,
447 F.3d 1172 (9th Cir. 2006) .......... 2

*Kowalski v. Anova Food, LLC*,
No. 11-00795, 2015 WL 1119457 (D. Haw. Feb. 12, 2015) .......... 7

*Ledcor Indus. (USA) Inc. v. Va. Sur. Co.*,
No. 09-CV-01807, 2012 WL 254251 (W.D. Wash. Jan. 26, 2012) .......... 16

*Milo & Gabby, LLC v. Amazon.com, Inc.*,
No. C13-1932, 2015 WL 6395625 (W.D. Wash. Oct. 21, 2015) .......... 16

*MV3 Partners LLC v. Roku, Inc.*,
No. 6:18-cv-00308-ADA (W.D. Tex. Sept. 29, 2020), Dkt. #332 .......... 9

*Nwauzor v. GEO Grp., Inc.*,
No. C17-5769, 2020 WL 11885864 (W.D. Wash. Jan. 21, 2020) .......... 3, 4

*Parker v. BNSF Ry. Co.*,
No. 2:14-CV-00176, 2021 WL 4819910 (W.D. Wash. Oct. 15, 2021) .......... 1

*Provisur Techs., Inc. v. Weber, Inc.*,
2023-1438, 2024 WL 4363502 (Fed. Cir. Oct. 2, 2024) .......... 12

*Quinn v. Everett Safe & Lock, Inc.*,
53 F. Supp. 3d 1335 (W.D. Wash. 2014) .......... 15

*Quintero v. Nat'l R.R. Passenger Corp.*,
No. 3:20-CV-05677, 2022 WL 4093120 (W.D. Wash. Sept. 7, 2022) .......... 10

*Reardon v. Progressive Nw. Ins. Co.*,
No. C10-225, 2011 WL 13234668 (W.D. Wash. Mar. 31, 2011) .......... 15

*Rice v. Mercedes-Benz USA, LLC*,
No. 2:15-cv-00904, 2016 WL 5844386 (W.D. Wash. Sept. 9, 2016) .......... 13

*Sherwin-Williams Co. v. PPG Indus., Inc.*,
No. 17-1023, 2021 WL 1110568 (W.D. Pa. Mar. 23, 2021) .......... 12


COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

## TABLE OF AUTHORITIES
(continued)

Page(s)

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
930 F.3d 1295 (Fed. Cir. 2019)....................12

*Trilink Saw Chain, LLC v. Blount, Inc.*,
No. 1:07-CV-0409, 2009 WL 10668571 (N.D. Ga. May 7, 2009)....................1

*Uniloc USA, Inc. v. Microsoft Corp.*,
632 F.3d 1292 (Fed. Cir. 2011)....................16

*United States v. Flores*,
901 F.3d 1150 (9th Cir. 2018)....................10

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
No. SACV 12-00329, 2014 WL 8096334 (C.D. Cal. Apr. 21, 2014)....................6

*Upadhyay v. Sethi*,
No. 10 CIV 8462, 2012 WL 1195233 (S.D.N.Y. Apr. 5, 2012)....................4

**Statutes**

35 U.S.C. § 298....................11, 12

**Other Authorities**

Civil Local Rule 5(g)....................2

Federal Rules of Evidence ("FRE")
401....................2, 7, 8, 10
402....................*passim*
403....................*passim*
411....................6, 7

Local Patent Rule 120(f)....................13


COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

Defendants Absolute Software, Inc. and Mobile Sonic, Inc. ("Defendants") bring the following disputed motions *in limine*.

**1. Defendants' MIL No. 1: The parties shall be precluded from introducing evidence, testimony, or argument regarding pretrial proceedings or issues including but not limited to discovery disputes, sealing motions, or dispositive motion practice.**

The parties agree that pretrial proceedings and issues, including discovery disputes and dispositive motion practice, are not evidence in this case. Plaintiffs, however, seek to introduce evidence and argument regarding sealing motions at trial. Sealing motions are not evidence. They are pretrial proceedings, just like any other discovery issue, dispositive motion, or case management proceeding, and should be precluded from use to argue the merits of case. Courts routinely exclude argument and evidence regarding such discovery issues, including sealing. *Parker v. BNSF Ry. Co.*, No. 2:14-CV-00176, 2021 WL 4819910, at *3 (W.D. Wash. Oct. 15, 2021) ("The Court has already dealt with the discovery issues that have arisen in this case, and there is no legitimate reason that the jury needs to be aware of them"); *Jelinek v. Am. Nat'l Prop. & Cas. Co.*, No. 2:15-CV-00779, 2019 WL 5425254, at *2 (W.D. Wash. Oct. 23, 2019) (granting motion in limine to exclude evidence on "discovery disputes, discovery negotiations, or allegations of misconduct involving discovery between the parties"); *see also Trilink Saw Chain, LLC v. Blount, Inc.*, No. 1:07-CV-0409, 2009 WL 10668571, at *6 (N.D. Ga. May 7, 2009) (holding that issues related to sealing should be dealt with "outside the presence of the jury").

Plaintiffs seek to invoke pretrial sealing motions to make arguments to the jury about Defendants' alleged pattern of secrecy and concealment. (Dkt. #341 ¶ 55 (arguing that Defendants concealed their disparagement from Plaintiffs by marking documents in this litigation as confidential and moving to seal those documents).) Defendants have moved to seal a variety of sensitive business documents in this case, including purely internal documents reflecting internal competitive strategies (never shared outside the company) and other corporate secrets and sensitive information, including the identity of and detailed contact information for multiple customers. As


COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

this Court has already held when it granted the sealing motions, this information is routinely kept confidential in the course of litigation and allowed to be filed under seal when used in conjunction with pretrial filings. Civil Local Rule 5(g); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *Clearly Food & Beverage Co. v. Top Shelf Beverages, Inc.*, 102 F. Supp. 3d 1154, 1178 (W.D. Wash. 2015). This is a standard pretrial proceeding, no different than what happens in virtually every case involving extensive discovery of internal business records.

Furthermore, these sealing motions are not themselves evidence of the underlying facts that Plaintiffs must prove at trial. Plaintiffs' causes of action are not directed to the parties' litigation decisions; they are about the parties' conduct in the marketplace. The sealing motions have no place in this case under FRE 401 and 402. Moreover, the sealing motions do not mean what Plaintiffs want to use them as evidence for. As Plaintiffs have stated in their Second Amended Complaint, Plaintiffs want to use the sealing motions (filed by counsel during litigation) as evidence that prior to litigation, NetMotion itself told customers to keep information confidential. The one does not follow from the other. As an initial matter, no sealing motion involved only the communications with customers that Plaintiffs argue they were unable to discover earlier before the expiration of the statute of limitations, and no sealing motion is evidence that those external communications were made with a requirement of confidentiality. Rather every such sealing motion encompassed strictly internal competitive documents that were never shared outside the company, as well as external communications that included detailed customer identities, customer contact information, and information provided by customers to NetMotion. All this was properly treated as sensitive business information.[1]

To allow Plaintiffs to use the sealing motions as evidence would cause unnecessary confusion between the complex legal landscape for what can, should, and must be sealed in

[1] Indeed, privacy laws within the United States and internationally are increasingly imposing mandatory confidentiality requirements on third-party contact information.



COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

litigation versus what was and was not communicated to third parties under a confidentiality requirement prior to litigation. This would additionally be unfairly prejudicial to Defendants, who should not have to justify to a jury sealing motions that the Court has already granted. The parties are likely to de-designate many documents for trial in any event, as is commonplace in litigation.

This case should be tried on the merits and not on Defendants' decisions in this litigation to mark documents confidential or to seal them from public view when attached to public filings. The Court should preclude the parties from introducing evidence or argument concerning sealing motions at trial.

**2. Defendants' MIL No. 2: The parties shall be precluded from introducing evidence, testimony, or argument before the jury that relates only to equitable claims, equitable defenses or equitable counterclaims (*i.e.*, evidence that does not also serve another evidentiary purpose relevant to jury issues).**

Equitable claims or defenses are "for the court to decide" except where there is overlap with legal issues. *Granite State Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1026 (9th Cir. 1996); *Nwauzor v. GEO Grp., Inc.*, No. C17-5769, 2020 WL 11885864, at *1 (W.D. Wash. Jan. 21, 2020) ("no right to a jury exists for equitable claims" (citation omitted)). The parties have already agreed that the "[p]arties shall be precluded from introducing evidence, testimony, or argument before the jury that does not relate to … any issues to be decided by the jury[.]" (Dkt. 533, Agreed MIL 1 at 2.) Equitable claims and defenses are not to be decided by the jury, so any evidence, testimony, or argument that goes solely to those equitable issues should be excluded from the jury trial.

The parties' dispute centers on whether Plaintiffs may carve out unjust enrichment and equitable tolling from this rule. They cannot. "Unjust enrichment claim is an equitable claim." *Nwauzor*, 2020 WL 11885864, at *2; *see also Grasshopper House, LLC v. Clean & Sober Media, LLC*, No. 19-56008, 2021 WL 3702243, at *2-3 (9th Cir. Aug. 20, 2021) (disgorgement under Lanham Act is "subject to principles of equity"). Likewise, equitable estoppel (Plaintiffs' equitable defense on their breach of contract claim, subject to New York law) is "generally



COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

appropriate for a court, rather than a jury, to resolve[.]" *Clark v. Hanley*, 89 F.4th 78, 83 (2d Cir. 2023); *Upadhyay v. Sethi*, No. 10 CIV 8462, 2012 WL 1195233, at *1 (S.D.N.Y. Apr. 5, 2012) (equitable tolling is for judge to decide unless there is overlap with issues essential to determining the merits of the case).

There is good reason to shield the jury from evidence or argument concerning equitable claims in this case, given that equitable defenses such as equitable tolling are meant to "open[] the courthouse door" for claims that otherwise are barred by statutes of limitations. *Upadhyay*, 2012 WL 1195233, at *1 (citation omitted). Equitable defenses such as equitable tolling that trigger the right to a jury trial on a legal claim should not be submitted to a jury in the first instance. The calculation of money "wrongfully withheld" under a disgorgement theory is proper for the Court to decide. *Nwauzor*, 2020 WL 11885864, at *2. The parties should be precluded from introducing evidence or argument relating to purely equitable claims and defenses in this case.

3. **Defendants' MIL No. 3: The parties shall be precluded from introducing evidence, testimony, or argument referring to any other person or entity as "greedy," "corrupt," "evil," or "dishonest," or using any other pejorative term. The parties shall also be precluded from introducing evidence, testimony, or argument that characterizes any other person or entity's actions as "stealing," "copying," "misappropriating," "pirating," "trespassing," or any similar terms. Notwithstanding the foregoing, the parties shall be permitted to introduce into evidence documents that use such language, if otherwise admissible, and to quote from any such documents.**

4. **Defendants' MIL No. 4: The parties shall be precluded from introducing evidence, testimony, or argument referring to any other person or entity in disparaging ways, such as a "patent troll," "pirate," "bounty hunter," "bandit," "playing the lawsuit lottery," "shell company," "shakedown artist," "patent assertion entity," or any such similar terms. Use of the term "non-practicing entity" is permitted. Notwithstanding the foregoing, the parties shall be permitted to introduce into evidence documents that use such language, if otherwise admissible, and to quote from any such documents.**

Defendants' MILs 3 and 4 raise substantially the same issues. Plaintiffs' evidence, testimony, or argument referring to Defendants in disparaging ways are inadmissible under Federal Rules of Evidence ("FRE") 403. Such evidence or argument offer minimal probative value, and their introduction would only cause unfair prejudice and would mislead jurors into weighing

irrelevant information when rendering their verdict. FRE 403. Defendants respectfully request the Court prohibit the introduction of evidence, testimony, or argument referring to Defendants in disparaging ways, including but not limited to those listed in MILs 3 and 4.

As an example, the opening expert report of J. David Cabello, one of Plaintiffs' experts, [redacted] (Ex. 1[2] (Cabello Opening Report) ¶ 126.) Mr. Cabello escalated his disparaging commentary during his deposition by [redacted] (Ex. 2 (Cabello Dep. Tr.) at 98:2-9.) Defendants expect that at least Mr. Cabello, and potentially other witnesses for Plaintiffs and even Plaintiffs' counsel, may hurl similar or worse insults at Defendants in an attempt to convince the jury through rhetoric rather than evidence that Defendants engaged in various alleged forms of wrongful business conduct.

Such pejorative and disparaging language is not evidence and is inherently unfairly prejudicial to Defendants. It is name calling, plain and simple, and neither the witnesses nor the attorneys should be permitted to engage in it. Under FRE 403, evidence can be excluded "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury[.]" FRE 402, 403. Here, disparaging and pejorative characterizations of Defendants, such as [redacted] has minimal probative value, if at all, while posing a tremendous risk of unfair prejudice and misleading the jury. Because such one-sided smearing from Plaintiffs may mislead a jury and stir up unwarranted prejudice against Defendants, the use of disparaging and pejorative terms to refer to or describe Defendants should be excluded under FRE 403. *See, e.g.*, *Contour Ip Holding, LLC v. GoPro, Inc.*, No. 3:17-cv-04738, 2021 WL 75666, at *2 (N.D. Cal. Jan. 8, 2021) (granting motion *in limine* to prevent referring to a party with "derogatory, disparaging, and/or pejorative terms"); *Doe v. Bridges to Recovery, LLC*, No. 2:20-cv-348, 2021 WL 4690830, at *5-7 (C.D. Cal.

[2] All references to Ex. 1 through Ex. 12 are attached to the Declaration of Alexandra Leeper in support of Defendants' Motions *in Limine* filed concurrently herewith, unless otherwise noted.


COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

May 19, 2021) (granting motion *in limine* precluding descriptions of a party as "dishonest" or "a liar," finding that "their probative value is substantially outweighed by a danger of unfair prejudice"); *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, No. SACV 12-00329, 2014 WL 8096334, at *8 (C.D. Cal. Apr. 21, 2014) (granting motion *in limine* because "[t]here is no probative value in the use of a term with negative connotations to describe Defendant's products or pricing strategy, and the use of the pejorative terms 'knock-off,' 'pirated,' or 'predatory' are therefore unduly prejudicial under FRE 403.").

Defendants' requested motions *in limine* are targeted specifically to the unfair use of inflammatory language by witnesses and attorneys, and expressly do not preclude Plaintiffs from introducing otherwise-admissible documents into evidence merely because the author of the document used inflammatory language. Indeed, the entire purpose of this motion is to help ensure that this case is tried based on the actual evidence, and not litigation-inspired insults. Defendants' motions, with their explicit carve-out for the use of otherwise-admissible documents, are in fact narrower than a standard instruction used in many cases. (*See* Ex. 3 (Standing Order on Motions in Limine in W.D. Tex.) at 22.)

For these reasons, Defendants respectfully request the Court prohibit the introduction of evidence, testimony, or argument using pejorative terms or referring to Defendants, or any other person or entity, in disparaging ways.

**5. Defendants' MIL No. 5: The parties shall be precluded from introducing evidence, testimony, or argument regarding funding of the litigation, regarding any comment on attorney-fee compensation including amounts or structure, or regarding the existence or non-existence of any insurance policy.**

The parties' dispute over this motion centers on whether Plaintiffs may introduce evidence of Defendants' insurance policy. Plaintiffs represented in meet and confer that they agreed with the remainder of this motion.

Plaintiffs' evidence, testimony, or argument regarding Defendants' liability insurance policy are inadmissible under FRE 411, which provides that "[e]vidence that a person was …


COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." FRE 411. District courts, including those in the 9th Circuit, have upheld FRE 411 and excluded evidence of liability insurance, including in patent infringement cases. *See, e.g.*, *In re Gabapentin Pat. Litig.*, MDL No. 1384, 2011 WL 1807448, at *9, *14 (D.N.J. May 12, 2011) (excluding evidence of patent infringement liability insurance where the plaintiff sought to admit the evidence as relevant to willful infringement); *Kowalski v. Anova Food, LLC*, No. 11-00795, 2015 WL 1119457, at *8-9 (D. Haw. Feb. 12, 2015) (excluding any testimony, evidence, argument, or other reference that defendant may be insured against liability). Here, it is clear that Plaintiffs are seeking to admit evidence of Defendants' insurance "to prove whether the person acted negligently or otherwise wrongfully" – Plaintiffs' expert Mr. Cabello argues [redacted] (*See* Ex. 1 (Cabello Opening Rep.) ¶ 132.) Neither Plaintiffs nor Plaintiffs' experts have offered any argument justifying this impermissible use of such evidence, and as such, evidence of insurance should be excluded.

Even if the Court were to find that Plaintiffs offered liability insurance evidence for a permissible purpose, such evidence should still be excluded under FRE 401, 402 and 403. FRE 402 provides that "[i]rrelevant evidence is not admissible," and even relevant evidence can be excluded under FRE 403 "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury[.]" FRE 402, 403. Here, the liability insurance evidence is not relevant because it does not make any claim or defense, including Defendants' knowledge of the asserted patent and knowledge of infringement, any more or less probable. *See* FRE 401, 411. This case is not about insurance coverage; it is about alleged patent infringement, various torts, and breach of an unrelated contract.

Furthermore, evidence related to Defendants' liability insurance offer minimal probative value, if at all, to Plaintiffs' patent infringement claims, but any probative value it might have would be significantly outweighed by the risk of unfair prejudice and confusion. The introduction


COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

of such evidence would cause unfair prejudice to Defendants and may mislead jurors into weighing irrelevant information when rendering their verdict. FRE 403. For example, Plaintiffs may argue (incorrectly and inappropriately) that [redacted]. (*See* Ex. 1 (Cabello Opening Rep.) ¶ 57 & n.9.) As another example, the jury may improperly conclude that the existence of the insurance policy is a rationale for finding for Plaintiffs regardless of the facts out of an ill-formed, irrelevant, and potentially inaccurate idea that Defendants' insurer rather than Defendants would pay, or conclude that the insurance amount should be the measure of damages.

For these reasons, Defendants respectfully request the Court prohibit the introduction of evidence, testimony, or argument regarding Defendants' liability insurance policy in the upcoming trial.

**6. Defendants' MIL No. 6: The parties shall be precluded from introducing evidence, testimony, or argument regarding either party's other litigations or arbitrations, including parallel proceedings in any other court, tribunal, or forum, including ADR proceedings.**

Sectra intends to introduce evidence regarding Defendants' prior litigations. Pursuant to FRE 401, 402, and 403, Defendants seek to exclude from trial any argument, evidence or testimony regarding other unrelated proceedings, including any other litigations involving Defendants and their predecessors-in-interest. Defendants' predecessor-in-interest, NetMotion Wireless Inc. ("NetMotion"), has previously been sued for claims unrelated to this litigation. All such suits have since been settled and dismissed, and in any event involved different parties and other patents which are not at issue in this trial. Similarly, Defendant Absolute Software is presently defending another unrelated patent litigation, which does not involve any of the patents or accused products from the present litigation. It too is irrelevant to the issues being tried to the jury here. Therefore, presentation of these topics at trial will only serve to confuse the jury and prejudice Defendants because the subject matter of these other litigations are not relevant to the issues being tried to the jury.


COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

As a patent owner, NetMotion has also previously asserted infringement of U.S. Patent No. 6,981,047 against others. NetMotion brought these suits against different parties, and settled those cases early on in litigation and before claim construction. Therefore, the subject matter of these other litigations are not relevant to the issues being tried to the jury in this case, and the presentation of these topics at trial will only serve to confuse the jury and prejudice Defendants.

Any evidence or argument of other litigation would unfairly and unduly confuse and adversely influence the jury and prejudice Defendants. FRE 403. For example, Sectra may attempt to introduce the fact of Defendants' other litigation to make the jury believe Defendants are a serial patent infringer to persuade the jury to disregard Defendants claims and/or defenses in this litigation. Such use of other litigation is highly prejudicial, and creates a substantial risk that the jury will react emotionally and perceive Defendants in an unfavorable light based on facts irrelevant to this case. Courts regularly exclude evidence regarding other litigations for this reason. (*See, e.g.*, Ex. 4, Order Regarding Motions *in Limine*. *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA (W.D. Tex. Sept. 29, 2020), Dkt. #332 at 4 (granting motion in limine to exclude references to "Inter Partes Review Concerning the Patent-in-Suit" and to exclude "any references to a parallel proceeding")); *In re Homestore.com, Inc.*, No. CV 01-11115, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) ("Plaintiff's involvement in other litigation prior to this Action is also irrelevant and carries with it a high risk of prejudice.").

Furthermore, NetMotion has never been involved in another litigation for allegedly infringing the '437 patent asserted by Plaintiffs. The only patents for which infringement is at issue in this case are those that have been asserted by Defendants and Plaintiffs, and there is no reason to address any prior alleged infringement of any other patent, nor alleged infringement by any unrelated third party. Any reference to or evidence of other litigations should be excluded as irrelevant, prejudicial, and likely to cause confusion. FRE 403. Specifically, the court should exclude any reference or evidence related to the cases captioned: (1) *Padcom Inc. v. Netmotion Wireless Inc.*, No. 1:05-cv-00889 (D. Del. 2005); (2) *NetMotion Wireless Inc. v. Padcom Inc.*, No.



COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

2:04-cv-00622 (W.D. Wash. 2004); (3) *Netmotion Wireless Inc. v. Padcom Inc.*, No. 1:04-cv-01208 (D. Del. 2004); (4) *Netmotion Wireless, Inc. v. Padcom, Inc.*, No. 3:03-cv-04963 (N.D. Cal. 2003); (5) *Padcom Inc. v. Netmotion Wireless Inc.*, No. 1:03-cv-00983 (D. Del. 2003); and (6) *Softex LLC v. Absolute Software Corp.*, No. 1:22-cv-01308 (W.D. Tex. 2022), as well as any other prior or concurrent litigation.

In meet and confer, Sectra noted that certain of the above litigations are referenced in various documents that Sectra may wish to use as evidence in the case. Defendants are willing to agree that otherwise-admissible documents referencing other litigations need not be excluded, so long as the parties do not use those documents to elicit testimony about the subject matter, allegations, or resolution of the other litigations.

**7. Defendants' MIL No. 7: The parties shall be precluded from introducing evidence, testimony, or argument regarding the fact that testimony or opinions offered by any expert may have been criticized, excluded, or found to be unreliable in any other forum.**

Defendants seek to exclude from trial any evidence, testimony, or argument regarding any testimony or opinions offered by any expert may have been criticized, excluded, or found to be unreliable in any other forum. Pursuant to FRE 401, 402, and 403, any such evidence regarding expert opinions from other actions has little, if any, probative value to the issues in this case. And any negligible probative value it might have is substantially outweighed by the danger of unfair prejudice, confusing the issues, and wasting time. To the extent that there was any past criticism, exclusion, or finding of unreliability of expert testimony in other actions that either side believed was potentially relevant to issues in this case, the appropriate time and place to raise such evidence and argument was to the Court in *Daubert* briefing, not as an attempt to confuse and mislead the jury at trial. *Gochev v. First Am. Prop. & Cas. Ins. Co.*, No. C22-159, 2023 WL 6793928, at *1 (W.D. Wash. Oct. 13, 2023). While a court can make reliability determinations *during* trial in a bench trial, in a jury trial those determinations should be made *prior to* trial. *United States v. Flores*, 901 F.3d 1150, 1165 (9th Cir. 2018); *see also Quintero v. Nat'l R.R. Passenger Corp.*, No.


COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

3:20-CV-05677, 2022 WL 4093120, at *4 (W.D. Wash. Sept. 7, 2022) ("any representations or arguments as to an expert's prior work or compensation must be tied to the facts that will be elicited at trial").

Defendants' motion is modeled on the standard motions *in limine* order (specifically, Court MIL No. 15) adopted by Judge Albright in the Western District of Texas, where Plaintiffs originally filed this case. (*See* Ex. 3 (Standing Order on Motions in Limine in W.D. Tex) at 23 (Court MIL No. 15); *see also, e.g.,* Ex. 5, Order on Standard Motions in Limine, *Halliburton Energy Servs., Inc. v. U.S. Well Servs. LLC*, No. 6:21-cv-367-ADA (W.D. Tex. Aug. 7, 2023), Dkt. #418 at 3.)

**8. Defendants' MIL No. 8: The parties shall be precluded from introducing evidence, testimony, or argument suggesting that the other party had an affirmative duty to seek opinion of counsel, and/or any inference that may be drawn as to what the contents of such an opinion would have been.**

Sectra intends to introduce testimony from Sectra's expert, Mr. Cabello, to argue [redacted] *See* 35 U.S.C. § 298 ("The failure of an infringer to obtain the advice of counsel with respect to any allegedly infringed patent, or the failure of the infringer to present such advice to the court or jury, may not be used to prove that the accused infringer willfully infringed the patent or that the infringer intended to induce infringement of the patent."). (*See, e.g.,* Ex. 1 ¶ 132 [redacted]) This testimony should be excluded because it depends on the incorrect assertion that parties have an affirmative duty to seek opinion of counsel regarding alleged infringement. If presented, this testimony would prejudice Defendants by unduly confusing the jury as to a matter of law.

There is no affirmative duty to seek an opinion of counsel, and Plaintiffs are statutorily


COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

prohibited from arguing otherwise or introducing evidence of the absence of an opinion of counsel. *See SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1309 (Fed. Cir. 2019) ("[Defendant's] decision not to seek an advice-of-counsel defense is legally irrelevant under 35 U.S.C. § 298."); *Sherwin-Williams Co. v. PPG Indus., Inc.*, No. 17-1023, 2021 WL 1110568, at *5 (W.D. Pa. Mar. 23, 2021) (granting motion *in limine* excluding evidence of a lack of an opinion of counsel to prove willfulness "because that argument would violate 35 U.S.C. § 298."); *Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 260-61 (E.D.N.Y. 2016) ("§ 298 is applicable and plaintiff may not rely on defendant's failure to obtain a legal opinion regarding infringement to establish inducement").

The Federal Circuit's recent opinion in *Provisur Techs., Inc. v. Weber, Inc.*, which issued on October 2, 2024, further confirms that Sectra should be precluded from introducing Mr. Cabello's testimony on opinion of counsel. *See Provisur Techs., Inc. v. Weber, Inc.*, 2023-1438, 2024 WL 4363502, at *4-5 (Fed. Cir. Oct. 2, 2024). There, the district court permitted the plaintiff to argue willful infringement based on its expert's testimony at trial regarding the defendant's failure to present evidence of advice of counsel. *Id.* at *4. Specifically, the plaintiff's expert testified that the defendant failed to seek legal services, such as a freedom to operate analysis, to evaluate the allegedly infringed patents. *Id.* The Federal Circuit held that the district court erred in admitting this testimony at trial because using an expert's testimony regarding a party's failure to seek opinion of counsel to prove willfulness violated 35 U.S.C. § 298. *See id.* at *5. For the same reasons, Sectra should be precluded from introducing expert testimony to argue that Defendants' willful infringement of the '437 patent can be inferred from Defendants' failure to obtain an opinion from counsel regarding the alleged infringement of the '437 patent.

**9. Defendants' MIL No. 9: The parties shall be precluded from introducing evidence, testimony, or argument in favor of a priority date for any patent-in-suit that is earlier than the priority date disclosed in that party's infringement contentions.**

Sectra's infringement contentions disclosed that [redacted]. [redacted]



COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

[redacted] Sectra's technical expert, Dr. Shoemake, has gone so far as to [redacted]. Any evidence, arguments, or testimony related to any priority date earlier than November 26, 2001 should be excluded.

First, Sectra failed to timely disclose the '437 patent's entitlement to any of the earlier-filed Swedish patent applications listed on the face of the '437 patent. A party's infringement contentions must disclose "the priority date to which each asserted claim allegedly is entitled." Local Patent Rule 120(f). Here, Sectra has always known of the earlier-filed Swedish patent applications it seeks to mention at trial; they are listed on the face of the patent. If Sectra had a valid claim of priority to the Swedish patent application, it could and should have disclosed that in infringement contentions. But despite having amended its infringement contentions multiple times since October 2021,[3] Sectra has never alleged that the Asserted Claims are entitled to the priority Swedish patent applications listed on the face of the '437 patent. Instead, Sectra has consistently maintained that "[redacted]" (*See e.g.,* Ex. 9 (Sectra's Am. Infringement Contentions for U.S. Patent No. 7,797,437) at 3.) Sectra cannot now, belatedly, introduce evidence to support any priority date before November 26, 2001. *See, e.g., Rice v. Mercedes-Benz USA, LLC*, No. 2:15-cv-00904, 2016 WL 5844386, at *4 (W.D. Wash. Sept. 9, 2016) (striking new priority date from amended infringement contentions because "Plaintiffs' initial contentions did not place [defendant] on notice that the priority date might shift so dramatically, especially when the information leading

[3] (*See* Ex. 6 (Pl.'s Disclosure of Asserted Claims and Prelim. Infringement Contentions, served Oct. 8, 2021; Ex. 7 (Pl.'s Suppl. Prelim. Infringement Contentions and Disclosure of Asserted Claims, served Nov. 11, 2021); Ex. 8 (Pl.'s Prelim. Infringement Contentions and Disclosure of Asserted Claims, served Dec. 12, 2022); Ex. 9 (Sectra's Am. Infringement Contentions for U.S. Patent No. 7,797,437, served Aug. 22, 2023).)

to this shift laid solely and privately in Plaintiffs' hands.").

Second, allowing Sectra to mention any earlier-filed Swedish patent applications would unfairly and unduly confuse a jury, and prejudice Defendants. FRE 403. Defendants' have asserted invalidity defenses that rely on prior art, which is heavily affected by the priority date of the '437 patent. Permitting Sectra to mention other filing dates for foreign patent applications at trial would make it skew the jury's understanding of the priority date of the '437 patent, and affect their ability to assess Defendants' prior art invalidity defenses.

For the foregoing reasons, Sectra should be precluded from introducing evidence, arguments, or testimony related to the filing dates of the Swedish patent applications listed on the face of the '437 patent, or any priority date earlier than November 26, 2001 date disclosed in Sectra's infringement contentions.

**10. Defendants' MIL No. 10: The parties shall be precluded from introducing evidence, testimony, or argument before the jury regarding any potential causes of action that are not part of the operative pleadings in this case, including any alleged breach of an actual or implied contract and/or duty of loyalty between Columbitech and any party who is not named as a defendant or counter-defendant in this litigation, including Adam Tiffany.**

Plaintiffs have consistently implied or directly accused Defendants and Defendants' former employees, and in particular Defendants' former employee Adam Tiffany, of misconduct that is not the subject of this litigation. (*See, e.g.*, Dkt. #341 ¶¶ 35-37, 47-48.) Plaintiffs allege, for example, that Mr. Tiffany stole "confidential and proprietary" information from his former employer, Columbitech, and shared it with his new employer, NetMotion. (*Id.*) Plaintiffs have not brought a claim for breach of an actual or implied contract, trade secret theft, nor a breach of any duty of loyalty in this action, despite fishing for evidence to support such a claim throughout discovery (*e.g.*, Exs. 10-11 (Pls.' RFP's Nos. 69, 70, 71, 102, 103).) Plaintiffs also submitted expert opinion on the notion that [redacted], despite such claims also not being in this case. (Ex. 1 (Cabello Opening Rep.) ¶¶ 20, 35-38, 48-49.) Any such claims are irrelevant and


COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

prejudicial and therefore do not belong in front of the jury. Moreover, Adam Tiffany is not a named defendant, nor a current employee of Defendants—he is a third party. Nevertheless, based on the parties' exchanges to date, Defendants believe that Plaintiffs will insinuate at trial that NetMotion caused Mr. Tiffany to breach a duty of loyalty to Columbitech or otherwise aided a breach of an implied contract or actual non-compete; Plaintiffs stated as much in the parties' meet-and-confer on proposed motions in limine.

Argument or evidence concerning any potential cause of action against Mr. Tiffany (or any other entity or individual) that is not a cause of action actually asserted in this litigation will substantially prejudice Defendants under Rule 403 and is likely to confuse the jury. *Quinn v. Everett Safe & Lock, Inc.*, 53 F. Supp. 3d 1335, 1341 (W.D. Wash. 2014) (granting motion *in limine* to exclude allegations of irrelevant misconduct). For example, it would run the risk of the jury attributing an alleged breach of loyalty by Adam Tiffany (who is not a named defendant) to Defendants, or conflating Plaintiffs' arguments about Adam Tiffany's alleged wrongdoing with wrongdoing by Defendants. Such arguments about unasserted causes of action are not relevant to the claims and defenses of this case, and would be unduly prejudicial to Defendants. Courts routinely preclude the use of such evidence or argument. *Reardon v. Progressive Nw. Ins. Co.*, No. C10-225, 2011 WL 13234668, at *2 (W.D. Wash. Mar. 31, 2011); *Jelinek v. Am. Nat'l Prop. & Cas. Co.*, No. 2:15-CV-00779, 2019 WL 5425254, at *2 (W.D. Wash. Oct. 23, 2019) ("The Court agrees that that existence of other claims or lawsuits involving ANPAC are irrelevant to Plaintiff's extracontractual claims."). The Court should not allow the parties to introduce evidence or argument concerning potential causes of action that are not part of the operative pleadings in this case.

**11. Defendants' MIL No. 11: The parties shall be precluded from introducing evidence, testimony, or argument regarding the purchase price of Absolute Software's acquisition of NetMotion.**

Sectra intends to rely on evidence of the purchase price of Absolute Software's acquired acquisition in 2021, claiming that the purchase price is somehow relevant to a hypothetical


COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

negotiation for a license to the patents-in-suit that would have occurred in 2013. This evidence should be excluded because it is entirely irrelevant to the issue of damages.

When Absolute acquired NetMotion in 2021 for $340 million, it was paying for much more than a bare license to intellectual property. At a minimum, the purchase price reflected the value of NetMotion as a successful company with talented employees, substantial goodwill value, a mature product line and sales pipeline, and a substantial customer base. The purchase price Absolute paid to acquire NetMotion therefore has minimal, if any, probative value on the outcome of the hypothetical negotiation in this case. Instead, any references to the total purchase price for the entirety of NetMotion would simply, and unfairly, "skew the damages horizon for the jury" by introducing an otherwise-irrelevant large dollar figure into the case. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011). References to the purchase price of the NetMotion acquisition could only be used to elicit a response from the jury that if Absolute had hundreds of millions of dollars to spend acquiring companies or technology, it should have no problem paying the damages award that Sectra seeks here. Courts, including this one, routinely exclude such evidence and argument because any probative value is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and misleading the jury. *See Freshub, Inc. v. Amazon.com, Inc.*, No. 6:21-cv-00511, 2021 WL 2587713, at *1 (W.D. Tex. June 13, 2021) (granting motion in limine excluding evidence of "[Amazon's] total profits and/or overall financial success"); (Ex. 12, Order Granting Roku's Motions *in Limine*, *ESW Holdings, Inc. v. Roku, Inc.*, No. 6:19-cv-00044-ADA (W.D. Tex. Mar. 23, 2021), Dkt. #150 at 2 (granting motion in limine directed to arguments and evidence impliedly or expressly suggesting that "sought damages is relatively small compared to [Defendant's] overall revenues or profits")); *Milo & Gabby, LLC v. Amazon.com, Inc.*, No. C13-1932, 2015 WL 6395625, at *2 (W.D. Wash. Oct. 21, 2015) (precluding evidence of the parties' respective financial positions as prejudicial); *Ledcor Indus. (USA) Inc. v. Va. Sur. Co.*, No. 09-CV-01807, 2012 WL 254251, at *1 (W.D. Wash. Jan. 26, 2012) (granting motion in limine to prohibit party from presenting evidence regarding respective


COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

"financial conditions").

Furthermore, Absolute's purchase of NetMotion does not align with either the negotiation posture or timing of the hypothetical negotiation. The purchasing entity for the acquisition in 2021 was Absolute Software, whereas the hypothetical negotiation in 2013 would have been with NetMotion Software. Absolute Software's willingness and ability to pay to acquire NetMotion in 2021 has little if any relevance to NetMotion's willingness and ability to pay for a bare patent license 8 years earlier.

Considering these distinctions, it is clear that the wholesale acquisition of NetMotion in 2021 bears no relevance to the potential outcome of an arms-length negotiation for a bare, non-exclusive license to a single patent in 2013. Instead, it appears to be merely a large number that Plaintiffs wish their expert to point at to inflate any damages award, untethered from the actual relevant evidence in this case. Indeed, Sectra's damages expert, Mr. Andrien, [redacted]

For these reasons, Absolute's 2021 acquisition of NetMotion—including its entire product, staff, patent portfolio, customer base, goodwill, and technology—bears no resemblance to a hypothetical negotiation for a nonexclusive license to a single patent from Sectra in 2013. By contrast, it is all but certain that the $340 million purchase price for NetMotion will have a high likelihood of causing prejudice and confusion at trial, and therefore outweighs any theoretical probative value.

Dated: October 8, 2024

I certify that this memorandum contains 6,180 words, in compliance with Local Civil Rule 7(e)(5).

COOLEY LLP

*/s/ Christopher B. Durbin*
Christopher B. Durbin (WSBA #41159)
COOLEY LLP
1700 Seventh Avenue
Suite 1900
Seattle, WA 98101-1355
Tel: (206) 452-8700
Fax: (206) 452-8800
Email: cdurbin@cooley.com

Heidi L. Keefe (*pro hac vice*)
Reuben H. Chen (*pro hac vice*)
Alexandra Leeper (*pro hac vice*)
3175 Hanover St.
Palo Alto, CA 94304-1130
Tel: (650) 843-5000
Fax: (650) 849-7400
Email: hkeefe@cooley.com
Email: rchen@cooley.com
Email: aleeper@cooley.com

Orion Armon (*pro hac vice*)
COOLEY LLP
1144 15th Street
Suite 2300
Denver, CO 80202-2686
Telephone: (720) 566-4000
Facsimile: (720) 566-4099
Email: oarmon@cooley.com

Attorneys for Defendants
ABSOLUTE SOFTWARE, INC. and MOBILE SONIC, INC.

**Certificate of Compliance**

I certify that I met and conferred with counsel for Plaintiffs on the foregoing disputed motions *in limine* and Plaintiffs stated that they oppose these motions.

*/s/ Alexandra Leeper*
Alexandra Leeper


COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2024, I electronically filed the foregoing document(s) with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Stephen M. Hash (*pro hac vice*)
Kevin J. Meek (*pro hac vice*)
Syed K. Fareed (*pro hac vice*)
Samoneh Schickel (*pro hac vice*)
Brett J. Thompsen (*pro hac vice*)
**McDERMOTT WILL & EMERY LLP**
303 Colorado Avenue, Suite 2200
Austin, TX 78701
shash@mwe.com
kmeek@mwe.com
sfareed@mwe.com
sschickel@mwe.com
bthompsen@mwe.com

William R. Squires III (WA Bar. No. 4976)
**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
rsquires@corrcronin.com

Attorneys for Plaintiff SECTRA COMMUNICATIONS AB

*/s/ Christopher B. Durbin*
Christopher B. Durbin