# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **MV3 PARTNERS LLC,** *Plaintiff* | § § | |
| | § | **W-18-CV-00308-ADA** |
| **-v-** | § § | |
| **ROKU, INC.,** *Defendant* | § § | |

**ORDER REGARDING MOTIONS *IN LIMINE*,**
**MOTIONS FOR SUMMARY JUDGMENT, AND *DAUBERT* MOTIONS**

Before the Court are the parties' respective motions *in limine*, motions for summary judgment, and *Daubert* motions. The Court held a hearing concerning these motions on June 4, 2020. During that hearing, the Court provided oral rulings on each of the motions. The Court now enters those motions.

**SIGNED** this 29th day of September, 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

# MV3's Motions *in Limine*

| Motion | Ruling |
|---|---|
| **MV3's Motion *in Limine* No. 1 to exclude references to:** | |
| (i) MV3 as a Non-Practicing Entity and Patent Owner | GRANTED.<br><br>Roku is precluded from raising this topic during *voir dire* and opening arguments. If Roku seeks to put on evidence about this topic at trial, Roku needs to notify the Court in advance for the Court's ruling on the topic. |
| (ii) MV3's Prior Litigations Involving MV3 Witnesses | GRANTED.<br><br>Roku is precluded from raising this topic during *voir dire* and opening arguments. If Roku seeks to put on evidence about this topic at trial, Roku needs to notify the Court in advance for the Court's ruling on the topic. |
| (iii) MV3's Attorney Fee Agreements or Payments and/or Non-Payments to its Counsel | GRANTED.<br><br>Roku is precluded from raising this topic during *voir dire* and opening arguments. If Roku seeks to put on evidence about this topic at trial, Roku needs to notify the Court in advance for the Court's ruling on the topic. |
| (iv) How or to Whom a Damages Award to MV3 may be Distributed, Including its Members' Ownership Interests | GRANTED.<br><br>Roku is precluded from raising this topic during *voir dire* and opening arguments. If Roku seeks to put on evidence about this topic at trial, Roku needs to notify the Court in advance for the Court's ruling on the topic. |

| Motion | Ruling |
|---|---|
| (v) Forum Shopping, Litigation Abuse, or the Western District of Texas as a Popular Venue for Patent Litigation or as an Improper Venue | GRANTED |
| **MV3's Motion *in Limine* No. 2 to exclude references to:** | |
| (i) Suggestions that a Damages Award may Increase the Price of Roku's Products, put Roku's Manufacturers Out of Business, or Lead to the Loss of Jobs | GRANTED.<br><br>Roku is precluded from raising this topic during *voir dire* and opening arguments. If Roku seeks to put on evidence about this topic at trial, Roku needs to notify the Court in advance for the Court's ruling on the topic. |
| (ii) Licenses for which no Expert has Provided an Opinion that such Licenses are Comparable to a Hypothetical License to the Patent-in-Suit | GRANTED.<br><br>MV3's Motion *in Limine* No. 2 was granted as it pertains to *voir dire* and opening arguments. Use of evidence pertaining to these topics during trial is carried over. |
| (iii) Prior Judicial Opinions Pertaining to MV3's Expert Witnesses | GRANTED.<br><br>Roku is precluded from raising this topic during *voir dire* and opening arguments. If Roku seeks to put on evidence about this topic at trial, Roku needs to notify the Court in advance for the Court's ruling on the topic. |
| **MV3's Motion *in Limine* No. 3 to exclude References to:** | |
| (i) The Duty of Candor to the U.S. Patent Office or the Issue of Inequitable Conduct | GRANTED<br><br>Roku is precluded from using evidence related to the duty of candor or inequitable conduct but is not precluded from offering relevant evidence to an issue unrelated to the duty of candor or inequitable conduct but related to infringement, invalidity, or damages in its case-in-chief. |

| Motion | Ruling |
|---|---|
| | |
| (ii) Disparaging Comments Regarding the Patent Office and its Examiners | GRANTED |
| (iii) Unified Patents' *Inter Partes* Review Concerning the Patent-in-Suit. | GRANTED.<br><br>Roku is precluded from making any references to a parallel proceeding. |
| (iv) Comparisons of Roku's Accused Devices to Any Prior Art | DENIED and carried over to trial. |
| (v) Demonstrations of and/or References to Software as "Prior Art" that was Created or Modified after the Filing of the Patent-in-Suit | DENIED and carried over to trial. |
| (vi) Non-Elected or Non-Identified Prior Art | DENIED and carried over to trial. |
| (vii) Narrowed Claims (Infringement Claims that were Asserted but Later Dropped) | GRANTED |
| **MV3's Motion *in Limine* No. 4 to exclude references to:** | |
| (i) Allegations that any of Roku's Patents are Related to and/or Cover the Accused Products | GRANTED.<br><br>Roku is precluded from raising this topic during *voir dire* and opening arguments. If Roku seeks to put on evidence about this topic at trial, Roku needs to notify the Court in advance for the Court's ruling on the topic; Roku is restricted from putting in evidence of its patents during trial until the Court can hear the question and make sure the Court approves of it. |
| (ii) Unreliable Expert Opinions by Drs. Russ and Bovik, and any New Infringement and Invalidity Opinions that were not Disclosed in their Expert Reports | GRANTED-in-part subject to ruling on MV3's Motion to Exclude the Opinions in Dr. Samuel Russ's Rebuttal Expert Report and Dr. Alan Bovik's Opening and Rebuttal Expert Reports. |
| (iii) Information that Roku Failed to Disclose in Response to a Contention Interrogatory regarding Infringement Defenses | The issue of whether either party is precluded from making an argument in view of alleged discovery deficiencies is |

| Motion | Ruling |
| --- | --- |
| | carried over to trial. |
| (iv) Dr. Bovik's Testimony Regarding how the Roku Products Operate | GRANTED-in-part subject to ruling on MV3's Motion to Exclude the Opinions in Dr. Samuel Russ's Rebuttal Expert Report and Dr. Alan Bovik's Opening and Rebuttal Expert Reports. |
| (v) Suggestions that the Roku TV Products and the Roku Streaming Media Players Allegedly Operate Differently with Respect to the Query Limitation | GRANTED to the extent the Court granted any applicable Daubert motion on this topic. |
| (vi) Alleged Non-Infringing Alternatives that are not Acceptable or were not Available | DENIED. |
| (vii) Testimony or Arguments Contrary to or Unsupported by the Court's Claim Construction Order | GRANTED. |

# Roku's Motions *in Limine*

| Motion | Ruling |
|---|---|
| **Roku's Motion *in Limine* No. 1 to exclude Mr. Jared Abbruzzese's testimony on the content of the patent** | DENIED |
| **Roku's Motion *in Limine* No. 2 to exclude evidence or argument by Jared Abbruzzese, Wayne Barr, and David Marshack about the factual basis and motivation for filing the lawsuit** | DENIED |
| **Roku's Motion *in Limine* No. 3 to exclude testimony about what MV3 intended the patent to cover.** | GRANTED |
| **Roku's Motion *in Limine* No. 4 to exclude testimony and arguments that mischaracterize claim construction outcomes.** | GRANTED-in-part, DENIED-in-part subject to ruling on MV3's Motion to Exclude the Opinions in Dr. Samuel Russ's Rebuttal Expert Report and Dr. Alan Bovik's Opening and Rebuttal Expert Reports. |
| **Roku's Motion *in Limine* No. 5 to exclude evidence or argument by Dr. Dan Schonfeld about what happens in the network during the DIAL operation.** | Undecided and carried forward to trial |
| **Roku's Motion *in Limine* No. 6 to exclude documents, testimony, and evidence regarding indirect infringement prior to the filing date of the complaint.** | GRANTED-in-part.<br><br>MV3 is precluded from raising this topic during *voir dire* and opening arguments. If MV3 seeks to put on evidence about this topic at trial, MV3 needs to notify the Court in advance for the Court's ruling on the topic. MV3 disputes Roku's assertion that MV3 is precluded from using documents prior to the date of the lawsuit for purposes related to indirect infringement liability. |
| **Roku's Motion *in Limine* No. 7 to exclude documents, testimony, and evidence regarding direct infringement of Roku TVs** | DENIED. |

# MV3's *Daubert* Motions

| Motion | Ruling |
|---|---|
| **MV3's Motion to Exclude the Opinions in Dr. Samuel Russ's Rebuttal Expert Report and Dr. Alan Bovik's Opening and Rebuttal Expert Reports** | |
| (i) Set Top Box. | GRANTED-in-part. The Court struck the following opinions of Dr. Russ: That a set top box requires the device to be used only with a network that provides the set top box; that a set top box act as an interface to a television; and that a set top box be self-contained. |
| (ii) Docking port. | GRANTED-in-part. The Court ruled that Dr. Russ cannot opine that a docking port requires a docking station. |
| (iii) Multicast. | GRANTED-in-part. The Court ruled that Dr. Russ cannot opine that a multicast broadcast is limited to a single sender. |
| (iv) Adaptive Circuitry | GRANTED-in-part. The Court struck the entirety of Dr. Russ's and Dr. Bovik's opinions related to adaptive circuitry. |
| (v) Dr. Bovik's Opinions that Criticize the Schonfeld Opening Report Without Explaining Why Dr. Schonfeld is Wrong Render His Opinion Unreliable. | DENIED. |
| **MV3's Motion to Exclude Certain Opinions in the Expert Report of Lauren R. Kindler Regarding Roku's Licensing History and Preferences** | DENIED |
| **MV3's Motion to Exclude Certain Portions in Dr. Samuel Russ's Opening Expert Report Regarding Patent Invalidity** | DENIED |
| **MV3's Motion to Exclude Certain Opinions in the Expert Report of Robert L. Stoll Relating to Inequitable Conduct** | DENIED |

# Roku's *Daubert* Motions

| Motion | Ruling |
|---|---|
| **Roku's Motion to preclude MV3 and Dr. Dan Schonfeld from relying on the doctrine of equivalents for the "querying the display device" limitation** | GRANTED |
| **Roku's Motion to exclude the opinions and testimony of Mr. Roy Weinstein with respect to:** | |
| (i) The survey approach, based on an overbroad survey that did not test the accused functionality | Denied without prejudice to renew at trial. MV3 to segregate and cordon off trial testimony regarding the survey in question. |
| (ii) Revenue streams unrelated to the patented features | DENIED |
| (iii) Third-party app approach not based on any scientifically valid methodology | GRANTED |
| (iv) Bases of the APPU approach led to flawed and overstated royalty rates | DENIED |
| (v) Lump sum damages figures that are not compensatory measures | DENIED |

# <u>MV3's Motions for Summary Judgment</u>

| Motion | Ruling |
| --- | --- |
| **MV3's Motion For Partial Summary Judgment Dismissing Roku's Inequitable Conduct Counterclaim and Striking Roku's Inequitable Conduct Affirmative Defense** | DENIED |
| **MV3's Motion For Partial Summary Judgment Finding that the Patent-in-Suit is Valid for Satisfying the Written Description Requirement** | DENIED without prejudice. |

# Roku's Motions for Summary Judgment

| Motion | Ruling |
|---|---|
| **Roku's motion for summary judgment that:** | |
| (i) Roku TVs do not have a display device that is separate from a mobile set top box | DENIED |
| (ii) Roku TVs do not query a display device | DENIED |
| (iii) Roku streaming devices and Roku TVs do not authenticate a user | DENIED |
| **Roku's Request to Strike MV3's request for Enhanced Damages under 35 U.S.C § 284 in the pretrial order as not having been previously and properly pled** | GRANTED-in-part, DENIED-in-part.<br><br>The Court did not strike MV3's claim for enhanced damages. The Court will consider enhanced damages with respect to conduct throughout the course of the litigation. |
| **Roku's motion to exclude the survey opinions and testimony of Dr. Marais and the Marais and Wecker report** | DENIED.<br><br>MV3 will partition off Mr. Roy Weinstein's testimony regarding the survey question. |