THE HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECTRA COMMUNICATIONS AB AND COLUMBITECH, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>ABSOLUTE SOFTWARE, INC. AND MOBILE SONIC, INC.,<br><br>*Defendants*. | Case No. 2:22-cv-00353-RSM<br><br>**PRETRIAL ORDER** |

Pursuant to Western District of Washington Local Rule 16, Plaintiffs Sectra Communications AB and Columbitech Inc. ("Sectra" or "Plaintiffs") and Defendants Absolute Software, Inc. and Mobile Sonic, Inc. ("Defendants") (together with "Plaintiffs," the "Parties") submit this Proposed Pretrial Order.

## JURISDICTION

Jurisdiction is vested in this Court by virtue of: Plaintiff Sectra's and Counter-Plaintiff Mobile Sonic, Inc.'s patent infringement claims that involve federal questions that "aris[e] under the Constitution, laws, or treaties of the United Sates," *see* 28 U.S.C. § 1331, and further arise under an "[a]ct of Congress relating to patents." 28 U.S.C. § 1338(a). This Court also has subject matter jurisdiction over this case under 28 U.S.C. § 1332.

**CLAIMS AND DEFENSES**

The Parties understand that their respective motions for summary judgment and *Dauberts* are pending before this Court, and that motions *in limine* are being briefed, which may clarify the issues for trial. In light of that, the Parties may amend their claims for relief and defenses thereto following any orders from the Court.[1] Subject to that reservation, the Parties submit the following as its anticipated claims and defenses for trial.

Plaintiffs' Claims and Affirmative Defenses

The Plaintiffs will pursue at trial the following claims:

1. Infringement of U.S. Patent No. 7,797,437. Defendants directly infringe one or more claims of the '437 Patent by, without authority, making, using, offering to sell, or selling in the United States or importing into the United States the Accused Products. Defendants also indirectly infringe the '437 Patent by taking active steps to encourage and facilitate direct infringement by others, including customers and/or end users, through the dissemination of the Accused Products and the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and technical information relating to the Accused Products with knowledge and the specific intent that its efforts will result in the direct infringement of the '437 Patent.

2. Violation of Section 43(a) of the Lanham Act, False Advertising, 15 U.S.C. 1125(a). Defendant Mobile Sonic (previously "NetMotion") disseminated unsubstantiated, false statements to potential or actual customers, including AT&T, Brite Computers, and Genessee County 911, among others, that actually deceived and/or had the tendency to deceive a substantial segment of Columbitech's actual and prospective customers. Columbitech's actual and potential

[1] Sectra also notes that Defendants will need to supplement their damages discovery so that Sectra can provide an updated damages number for trial. Defendants note that Sectra raised this issue for the first time in the exchange of the draft pretrial order and without meeting and conferring with Defendants. Defendants are unaware of what additional documents Sectra believes it requires and denies that any such production is necessary or appropriate at this time given that fact discovery has been closed almost a year, expert discovery has been closed for months, and trial is in less than 5 weeks.

customers relied upon and were deceived by NetMotion's false and misleading statements, which were material and influenced or had a substantial likelihood of influencing customer's purchasing decisions. Columbitech's and NetMotion's products were sold in interstate commerce, and NetMotion's false statements were made in interstate commerce. NetMotion's false statements damaged and injured Columbitech and its customers.

3. Trade Libel, Washington Common Law. NetMotion disseminated false statements of fact about Columbitech's technology to potential or actual customers, including AT&T, Brite Computers, and Genessee County 911, among others. NetMotion knowingly made these false statements knowing that they were literally untrue, or at the very least with reckless disregard of their truth. NetMotion's false and disparaging statements were intentional and willful and were made with malicious intent to Columbitech's actual and potential customers to impugn the quality and integrity of Columbitech's products, which caused Columbitech's customers to no longer deal with Columbitech. This resulted in harm to Columbitech.

4. Commercial/Business Defamation Under Washington Law. NetMotion made and disseminated literally false and unprivileged statements about Columbitech's technology to potential or actual customers, including AT&T, Brite Computers, and Genessee County 911, among others. Even if any of these statements were true, they were likely to mislead or confuse customers. NetMotion made these statements for the purpose of influencing potential or actual customers to buy NetMotion's products as opposed to Columbitech's products. NetMotion made false statements concerning Columbitech's technology with actual knowledge that the statements were false, or with reckless disregard of the truth. NetMotion was at fault in making these false statements and caused harm to Columbitech. NetMotion's statements were defamatory per se because they exposed Columbitech to hatred, contempt, ridicule or obloquy, and deprived Columbitech of the benefit of public confidence or social intercourse. NetMotion's statements were also defamatory per se because those statements injured Columbitech in its business.

5. Tortious Interference with an Actual and Prospective Business Relationship Under Washington Common Law.[2] NetMotion knew of and intentionally interfered with business expectancies Columbitech had with customers or potential customers, including AT&T, Brite Computers, and Genessee County 911, among others, through improper means and with an improper motive, resulting in damages. Specifically, Columbitech had an actual and valid contractual relationship and business expectancy with AT&T, Brite Computers, and Genessee County 911, and others. NetMotion knew about the existence of a contractual relationship and/or business expectancy between Columbitech and AT&T, Brite Computers, and Genessee County 911, and others. NetMotion intentionally interfered with these relationships and induced and caused these third parties to cease doing business with Columbitech. NetMotion's tortious conduct was for an improper purpose and used improper means, which caused damage to Columbitech.

6. Breach of License Agreement.[3] In acquiring and downloading Columbitech's software, NetMotion and its employees agreed to an End User License Agreement. NetMotion and its employees breached the End User License Agreement by acquiring Columbitech's software under false pretenses, running fabricated tests, and adapting or modifying the software, causing damage to Columbitech.

Plaintiffs take the position that Defendants' affirmative defenses and counterclaims lack merit, as explained in Plaintiffs' motions for summary judgment, *Daubert* motions, and motions in limine. Plaintiffs will pursue the following affirmative defenses to Defendants' counterclaims at trial:

---

[2] Plaintiffs understand that the Court granted summary judgment on this claim. (Dkt. No. 542). To preserve error and arguments on appeal, Plaintiffs include this claim in the joint pretrial order.

[3] Plaintiffs understand that the Court granted summary judgment on this claim. (Dkt. No. 542). To preserve error and arguments on appeal, Plaintiffs include this claim in the joint pretrial order.

1. Noninfringement of U.S. Patent No. 6,981,047. Counter-Plaintiffs do not infringe and have not directly or indirectly infringed the ’047 Patent. There has been no allegation of infringement for the ’047 Patent under the doctrine of equivalents or for willful infringement of that patent. Even if there was such an allegation, Plaintiffs do not infringe the ’047 Patent either literally or under the doctrine of equivalents, willfully or in any other manner.

2. Limitation on Damages. The ’047 Patent expired more than 2 years before Defendant Mobile Sonic asserted it in this action. Defendant Mobile Sonic’s claim for alleged damages or costs are limited by U.S.C. §§ 286, 287, and/or 288. Under Section 287, Mobile Sonic is prohibited from recovering damages for activities alleged to have occurred before Mobile Sonic provided actual notice of activities alleged to infringe with respect to Plaintiffs’ products or services. Plaintiffs cannot be held liable for the acts alleged to have been performed before it received actual notice of Mobile Sonic’s allegations. Mobile Sonic’s claims are barred, in whole or in part, as a result of failure to mark by Mobile Sonic or its’ licensee, or otherwise give proper notice that Plaintiffs’ actions allegedly infringe the ’047 Patent. Mobile Sonic is barred from recovering costs associated with this action under 35 U.S.C. § 288, and also because Plaintiffs have not engaged in any conduct that entitles Mobile Sonic to attorneys' fees or costs.

Defendants’ Affirmative Defenses and Mobile Sonic’s Counterclaim

Defendants deny that Plaintiffs’ claims and affirmative defenses have merit. The Defendants will pursue the following affirmative defenses and claims at trial:

Defendants will pursue the following affirmative defenses to Plaintiff’s patent cause of action (Count 1):

1. Noninfringement of U.S. Patent No. 7,797,437. Defendants do not infringe and have not directly or indirectly infringed the ’437 Patent, either literally or under the doctrine of equivalents, willfully or in any other manner. There has been no allegation of infringement for the ’437 Patent under the doctrine of equivalents.

2. Invalidity of U.S. Patent No. 7,797,437. Defendants cannot infringe the ’437 Patent because the patent is invalid under §§ 102 and 103 as anticipated and/or obvious, and lacks a sufficient written description and enablement under §112.

Defendants will pursue the following affirmative defenses to Plaintiff’s non-patent causes of action (Counts 2-4):

1. Plaintiffs’ Counts 2-4 Are Barred by the Statute of Limitations.[4] Plaintiffs’ disparagement-based causes of action (Counts 2-4 for false advertising, trade libel, and defamation,) all accrued no later than 2018 and are now time barred. The applicable statutes of limitations for Count 3 (trade libel) and Count 4 (defamation) expired at the latest in 2020, and applicable statute of limitations for Count 2 (false advertising) expired at the latest in 2021. However, Plaintiffs delayed bringing these causes of action until June 2023—two years after the latest of the statutes of limitations expired. (*See* Dkt. #396, #490.) For example, Plaintiff Columbitech had actual notice of its causes of action as early as 2011, when Columbitech’s CEO Tobias Englund was forwarded an email in which NetMotion made what Columbitech believed to be false or misleading statements to a customer. Although the 2011 email triggered Columbitech’s obligation to investigate its disparagement-based claims, Columbitech failed to perform any investigation whatsoever. Accordingly, Plaintiffs’ Counts 2-4 are time barred.

Counterclaim Plaintiff Mobile Sonic will pursue the following claims at trial:

1. Infringement of U.S. Patent No. 6,981,047. Plaintiffs directly infringe one or more claims of the ’047 Patent by making, using, offering to sell, or selling in the United States or importing into the United States the Columbitech Mobile VPN product (the “Accused Instrumentality”), which is sometimes sold as Sectra Mobile VPN. Plaintiffs indirectly infringe

[4] The Court has dismissed Counts 5 and 6 for tortious interference and breach of contract. Consistent with Plaintiffs’ reservation of rights on Counts 5 and 6, Defendants note that Counts 5 and 6 also lack merit and are barred by the statute of limitations.

the '047 Patent by knowingly and intentionally inducing infringement of the '047 Patent in violation of 35 U.S.C. § 271(b) by at least instructing, encouraging, implementing, and/or directing others how to use the Accused Instrumentality in the United States in ways that directly infringe the '047 Patent, including claim 1, through their user guides, educational and promotional materials, support activities, as well as their service activities. Plaintiffs also indirectly infringe under 35 U.S.C. § 271(c) by contributing to the infringement of the '047 Patent by others, including its customers, distributors, authorized resellers, and partners. Plaintiffs have committed acts that contribute to the infringement of the '047 Patent by others, including, but not limited to, the sale and offer for sale of the Accused Instrumentality in the United States with knowledge of the '047 Patent and knowledge that the Accused Instrumentality has no substantial non-infringing uses.

## ADMITTED FACTS

The following facts are admitted by the parties with objections regarding admissibility noted.

1. Plaintiff Sectra Communications AB is a corporation organized and existing under the laws of Sweden, with its principal place of business at Teknikringen 20, SE-583 30 Linköping, Sweden.
2. Plaintiff Columbitech, Inc. is a wholly owned U.S. subsidiary of Sectra.
3. Plaintiff Columbitech, Inc. is headquartered in New York, NY.
4. United States Patent No. 7,797,437, entitled "Method for Handover Between Heterogenous Communications Networks" issued on September 14, 2010.
5. The '437 Patent does not expire until April 14, 2027.
6. Plaintiff Sectra Communications AB is the assignee and owner of all substantial rights, title, and interest in and to the '437 Patent.

7. United Stated Patent No. 6,981,047 entitled "Method and Apparatus for Providing Mobile and Other Intermitted Connectivity in a Computing Environment" issued on December 27, 2005, and is now expired.
8. The '047 Patent expired on September 10, 2019.
9. The Court has subject matter jurisdiction.
10. The Court has personal jurisdiction over each of the parties in this suit.
11. Venue is proper in this suit.
12. The following documents are authentic: U.S. Patent No. 7,797,437 and its file history (Ex. 1).
13. Defendant and Counter-Plaintiff Mobile Sonic, Inc. is a Delaware corporation with a principal place of business at 520 Pike Street, Suite 2100, Seattle, WA 98101.
14. Mobile Sonic, Inc. is a wholly owned subsidiary of Absolute Software, Inc. Through a series of mergers, all assets of NetMotion Wireless, Inc. were transferred to Mobile Sonic, Inc. in 2022, and some assets were further transferred to Absolute Software, Inc.
15. The following documents are authentic: a. U.S. Patent No. 6,981,047 (Exhibit A-1); b. File History for U.S. Patent No. 6,981,047 file history (Exhibit A-2).
16. Defendant Absolute Software, Inc. is a Washington Corporation with a place of business at 520 Pike Street, Suite 2100, Seattle, WA 98101. Defendant Absolute Software, Inc. is a subsidiary of Absolute Software Corporation, which is a Canadian Corporation.
17. The parties will not challenge standing for their respective claims as a separate issue at trial.
18. NetMotion was the assignee and owner of all substantial rights, title and interest in and to the '047 Patent at the time it expired. Mobile Sonic, Inc. is the current assignee and owner of all substantial rights, title, and interest in and to the '047 Patent.

## ISSUES OF LAW

In addition to those included in the parties' motions for summary judgment, *Daubert* motions, and motions in limine, the Parties submit the following issues of law to be determined by the Court:

Plaintiffs' Issues of Law:

1. Whether Plaintiffs are entitled to enhanced damages pursuant to 35 U.S.C. § 284 and prejudgment and post-judgment interest.

2. Whether Plaintiffs are entitled to a permanent injunction regarding Defendants infringement of Plaintiffs' patent.

3. Whether Plaintiffs are entitled to recover their attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

4. Whether Plaintiffs are entitled to enhanced damages, up to treble damages, under 15 U.S.C. § 1117(a).

5. Whether Plaintiffs are entitled to enhanced damages for the willful and wanton nature of Defendants' unlawful acts.

6. Whether Plaintiffs are entitled to compensatory, restitutionary and other damages for Plaintiffs' non-patent causes of action.

7. Whether Defendants should be ordered to correct any erroneous impression persons may have derived concerning the nature, characteristics or qualities of Plaintiffs' products, including without limitation the placement of corrective advertising and providing written notice to the public.

8. Whether Plaintiffs are entitled to an injunction such that Defendants are no longer permitted to engage in false advertising, trade libel, business defamation, and tortious interference with actual and prospective business relationships.

9. Whether Defendants should be ordered to remove and destroy all misleading and deceptive materials pursuant to 15 U.S.C. § 1118.

10. Whether Plaintiffs are entitled to attorney's fees pursuant to 15 U.S.C. § 1117 or as otherwise permitted by law.

11. Whether Plaintiffs are entitled to other costs and further relief as the Court deems just and proper, including any pre-judgment and post-judgment interest.

Defendants' Issues of Law:

1. Whether any claim terms from '437 Patent require further construction or clarification of scope under *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351 (Fed. Cir. 2008). (*See* Dkts. #410; #490).

2. Whether Mobile Sonic is entitled to other costs and further relief as the Court deems just and proper, including any pre-judgment and post-judgment interest. or which this Court deems just and proper.

3. Whether, in the event of a finding of liability by Defendants, the forms of relief identified in Plaintiffs' statement of Issues of Law are legally available.

4. Whether Plaintiffs' Counts 2-4 are time-barred by the applicable statute of limitations. (*See* Dkts. #396; #490.)

## EXPERT WITNESSES

(a) Plaintiffs' Position: Each party shall be limited to three expert witnesses on the issues of liability, validity, and damages.

(b) Defendants' Position: The parties shall be limited to the expert witnesses disclosed below on the issues of liability, invalidity, and damages. Plaintiffs' proposal that the parties should be limited to 3 expert witnesses was never discussed with Defendants and appears to be an attempt to unilaterally prevent Defendants from fully presenting their claims and defenses.

(c) The names and addresses of the expert witnesses who might be called by each party at the time of trial and the general nature of the testimony of each are:

(1) On behalf of Plaintiffs:

| Name | Address | Designation | General Nature of Expected Testimony |
|---|---|---|---|
| Matthew Shoemake | 1401 Red Oak Trail Fairview, TX 75069 | Will testify | Expert testimony on subject matter relating to both parties' accused products and asserted patents, including (i) Defendants' infringement and willful infringement of Sectra's U.S. Patent No. 7,797,437; (ii) the validity of Sectra's U.S. Patent No. 7,797,437; (iii) technical apportionment (iv) Sectra's non-infringement of Mobile Sonic's U.S. Patent No. 6,981,047; (v) non-infringing alternatives to both parties asserted patents; (vi) Sectra's Non-Patent Causes of Action; and (vii) other opinions set forth in his affirmative and rebuttal expert reports. |
| David Cabello | 801 Travis St #1610 Houston, TX 77002 | Will testify | Expert testimony relating to Defendants' willful infringement and Sectra's Non-Patent Causes of Action and other opinions set forth in his affirmative and supplemental expert reports. |
| Jeff Andrien | 5918 W. Courtyard Dr., Suite 250A Austin, TX 78730 | Will testify | Expert testimony relating to damages for (i) Sectra's U.S. Patent No. 7,797,437; (ii) Defendant Mobile Sonic's U.S. Patent No. 6,981,047; (iii) Sectra's Non-Patent Causes of Action; (iv) and other opinions set forth in his affirmative and rebuttal expert reports. |

(2) On behalf of Defendants:

| Name | Address | Designation | General Nature of Expected Testimony |
|---|---|---|---|
| Nathaniel Polish | Contact through counsel for Defendants | Will testify | Expert testimony relating to: (i) Defendants' noninfringement of the '437 patent; (ii) the invalidity of the '437 patent; (iii) the technical basis for statements made in NetMotion's marketing materials; (iv) non-infringing alternatives to the parties' asserted patents; and (v) other opinions set forth in his affirmative and rebuttal expert reports. |
| Ed Allison | Contact through counsel for Defendants | Will testify | Expert testimony relating to: (i) the use of comparative testing within the software and computer industry; (ii) Defendant NetMotion's marketing practices; and (iii) other opinions set forth in his rebuttal expert report. |
| Orly Lobel | Contact through counsel for Defendants | Possible witness | Expert testimony relating to: (i) the use of comparative testing within the software and computer industry; (ii) Defendant NetMotion's marketing practices; and (iii) other opinions set forth in her rebuttal expert report. |
| Jon Weissman | Contact through counsel for Defendants | Will testify | Expert testimony relating to the Columbitech and Sectra accused products and the Counter-Plaintiff's asserted patent, including: (i) Plaintiffs' infringement of the '047 patent; (ii) non-infringing alternatives to the '047 patent; and (iii) other opinions set forth in his affirmative expert report. |

| Name | Address | Designation | General Nature of Expected Testimony |
|---|---|---|---|
| Doug Kidder | Contact through counsel for Defendants | Will testify | Expert testimony relating to damages for (i) any infringement of the '437 patent by Defendants; (ii) Plaintiffs' infringement of the '047 patent; (iii) Plaintiffs' non-patent causes of action; and (iv) other opinions set forth in his affirmative and rebuttal expert reports. |

## OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the expected testimony of each are:

(1) On behalf of Plaintiffs:

| Name | Address | Designation | General Nature of Expected Testimony |
|---|---|---|---|
| Tobias Englund | Contact through counsel for Plaintiffs: McDermott Will & Emery LLP 300 Colorado St., Ste. 2200 Austin, TX 78701-4076 | Will testify | Sectra and Columbitech's background, business, and related topics; Sectra and Columbitech's contracts/agreements; Sectra and Columbitech's technology; the subject matter of Sectra's asserted patent; Columbitech's customers and sales information; attempts to license Sectra's asserted patent; attempts to acquire Columbitech; Columbitech's confidential information and any facts relating to Columbitech or Adam Tiffany underlying Sectra's Non-Patent Causes of Action |

| Name | Address | Designation | General Nature of Expected Testimony |
|---|---|---|---|
| Robert Lidquist | Contact through counsel for Plaintiffs: McDermott Will & Emery LLP 300 Colorado St., Ste. 2200 Austin, TX 78701-4076 | Possible Witness | Sectra's background, business and related topics; Sectra and Columbitech's contracts/agreements; Sectra's technology; Sectra's customers |
| Helena Norin | Contact through counsel for Plaintiffs: McDermott Will & Emery LLP 300 Colorado St., Ste. 2200 Austin, TX 78701-4076 | Possible Witness | Sectra's financial information |
| Yvette Englund | Contact through counsel for Plaintiffs: McDermott Will & Emery LLP 300 Colorado St., Ste. 2200 Austin, TX 78701-4076 | Possible Witness | Columbitech's financial information |
| Thomas Abrahamsson | Contact through counsel for Plaintiffs: McDermott Will & Emery LLP 300 Colorado St., Ste. 2200 Austin, TX 78701-4076 | Possible Witness | Technical information about Sectra's accused product |
| Joe Savarese | Contact through counsel for Defendants: c/o Cooley LLP 3175 Hanover St. Palo Alto, CA 94304 | Possible Witness | Information relating to Defendants' commercialization and practicing of Defendant Mobile Sonic's asserted patent; the subject matter and technology of Defendant' Mobile Sonic's asserted patent; design and operation of Defendants' accused products; |

| Name | Address | Designation | General Nature of Expected Testimony |
|---|---|---|---|
| | | | WRQ NetMotion; NetMotion's competitive lab and testing of competitor products; facts underlying Sectra's Non-Patent Causes of Action |
| Adam Tiffany | Contact through counsel for Defendants: c/o Cooley LLP 3175 Hanover St. Palo Alto, CA 94304 | Possible Witness | Information relating to Columbitech and NetMotion, including sales and marketing of NetMotion's technology, NetMotion's competitive brief, and NetMotion's customers and potential customers |
| Tracy Crowe | Contact through counsel for Defendants: c/o Cooley LLP 3175 Hanover St. Palo Alto, CA 94304 | Possible Witness | Information relating to Columbitech and NetMotion, including acquiring Columbitech's technology, marketing of NetMotion's technology, NetMotion's competitive brief, and NetMotion's customers and potential customers |
| Andrew DeCounter | Contact through counsel for Defendants: c/o Cooley LLP 3175 Hanover St. Palo Alto, CA 94304 | Possible Witness | Information relating to Columbitech and NetMotion, including testing Columbitech's and NetMotion's technology, technical performance of NetMotion's technology, and NetMotion's competitive brief |
| Roger Parrish | Contact through counsel for Defendants: c/o Cooley LLP 3175 Hanover St. Palo Alto, CA 94304 | Possible Witness | Information about finances and sales of Defendants' Accused Products. |
| Erik Olson | Contact through counsel for Defendants: c/o Cooley LLP | Possible Witness | Information relating to the purported invention of Defendant Mobile Sonic's Asserted Patent. |

| Name | Address | Designation | General Nature of Expected Testimony |
|---|---|---|---|
| | 3175 Hanover St.<br>Palo Alto, CA<br>94304 | | |
| Norman Hamer | Contact through counsel for Defendants: c/o Cooley LLP<br>3175 Hanover St.<br>Palo Alto, CA<br>94304 | Possible Witness | Design and operation of Defendants' Accused Products. |
| Andrew Flesch | Contact through counsel for Defendants: c/o Cooley LLP<br>3175 Hanover St.<br>Palo Alto, CA<br>94304 | Possible Witness | Information about sales of certain prior NetMotion products. |
| Bob Hunsberger | Contact through counsel for Defendants: c/o Cooley LLP<br>3175 Hanover St.<br>Palo Alto, CA<br>94304 | Possible Witness | Information about NetMotion's financials, NetMotion's patent and licensing and sales, and Defendants' Accused Products |
| Nicko Van Someren | Contact through counsel for Defendants: c/o Cooley LLP<br>3175 Hanover St.<br>Palo Alto, CA<br>94304 | Possible Witness | Information about the design and operation of certain of Defendants' Accused Products. |

(2) On behalf of Defendants:

| Name | Address | Designation | General Nature of Expected Testimony |
|---|---|---|---|
| Erik D. Olson | Contact through counsel for Defendants | Will testify | Issues related to Defendants' asserted patent, including its invention. |
| Joseph T. Savarese | Contact through counsel for Defendants | Will Testify | The invention, commercialization (including marketing), and practicing of Defendants' asserted patent; the design and operation of certain accused NetMotion products. |
| Tobias Englund | Defendants understand that Mr. Englund may be contacted through counsel for Plaintiffs | Will testify | The Plaintiffs' technology, Plaintiffs' asserted patent, and Plaintiff Columbitech Inc; the invention, commercialization, and practicing of Plaintiffs' asserted patent; the design and operation of certain accused Columbitech and Sectra products; financial information regarding Plaintiffs' business, and the acquisition of Columbitech by Sectra. |
| Adam Tiffany | Contact through counsel for Defendants | Possible witness | Information about sales practices of the accused NetMotion products. |
| Andrew DeCounter | Contact through counsel for Defendants | Will testify | Information about technical performance of certain prior NetMotion products. |
| Bob Hunsberger | Contact through counsel for Defendants | Possible witness | Information about NetMotion's business from 2005-2013. |
| Tracy Crowe[5] | Contact through counsel for Defendants | Possible witness | Information relating to Columbitech and NetMotion, including acquiring Columbitech's technology, and |

[5] Due to a health condition, Mr. Crowe will need to testify remotely. Plaintiffs have stated that they do not oppose working with Defendants to arrange for Mr. Crowe's remote testimony.

| Name | Address | Designation | General Nature of Expected Testimony |
|---|---|---|---|
| | | | marketing of NetMotion's technology. |
| Robert Lidquist | Defendants understand that Mr. Lidquist may be contacted through counsel for Plaintiffs | Possible witness | Financial information regarding Plaintiffs, knowledge regarding Plaintiffs' business and products |
| Helena Norin | Defendants understand that Ms. Norin may be contacted through counsel for Plaintiffs | Possible witness | Financial information regarding Plaintiffs, knowledge regarding Plaintiffs' business and products |
| Thomas Abrahamsson | Defendants understand that Mr. Abrahamsson may be contacted through counsel for Plaintiffs | Possible witness | Financial information regarding Plaintiffs, knowledge regarding Plaintiffs' business and products |
| Yvette Englund | Defendants understand that Ms. Englund may be contacted through counsel for Plaintiffs | Possible witness | Financial information regarding Plaintiffs |

## EXHIBITS

Pursuant to Local Rule 16, Plaintiffs' exhibit list with objections is attached as **Exhibit A**. Defendants' exhibit list with objections is attached as **Exhibit B**.

## DESIGNATED DEPOSITION TESTIMONY

Pursuant to Local Rule 16, the deposition designations prepared by Plaintiffs are attached as **Exhibit C**. The deposition designations prepared by Defendants are attached as **Exhibit D**.

## STIPULATIONS REGARDING TRIAL PROCEDURES

The Parties enter into the following stipulations regarding trial procedures and exchanges:

1. Direct and Cross Examination:

   a. A party will provide a list of witnesses that the party intends to call for direct examination, the order the party expects to call the witnesses, and the method of testimony (i.e., live or by deposition) by 7:00 p.m. PT two (2) days before they are expected to testify. Any objections to a witness will be provided no later than 7:00 p.m. PT the day before they are expected to testify. The parties are to meet and confer to resolve any objections at 8:00 p.m. PT the day before the witness is expected to testify.

   b. A party will provide demonstrative exhibits[6] to be used in connection with direct examination, including indicating with which witness the demonstrative exhibits will be used, by 6:00 p.m. PT the day before their intended use, and objections will be provided no later than 7:00 p.m. PT the day before their intended use. The parties are to meet and confer to resolve any objections at 8:00 p.m. PT the day before the demonstrative exhibits' intended use. If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention the next morning prior to any witnesses being called to the witness stand. The parties will work with the Court's staff to establish a way to inform the Court of the need for its attention to any such issue.

[6] All references to demonstratives in these stipulations refer to premade demonstratives.

c. A party will provide demonstrative exhibits to be used in connect with cross examination for inspection prior to publishing to the jury. If a party has an objection to a demonstrative for use in cross examination, the parties shall request a side bar prior to the demonstrative's publication to the jury.

d. The party seeking to use demonstrative exhibits will provide a color representation of the demonstrative exhibits to the other side in PDF form. However, for video animations, the party seeking to use the demonstrative exhibit will provide it to the other side electronically via a secure file share or other similar method.

e. A party will provide a list of exhibits that have not yet been admitted to be used in connection with direct examination, including indicating with which witness the exhibit will be used, by 6:00 p.m. PT the day before their intended use, and objections will be provided no later than 7:00 p.m. PT the day before their intended use. For avoidance of doubt, previously admitted exhibits need not be disclosed again. The parties are to meet and confer to resolve any objections at 8:00 p.m. PT the day before the exhibits' intended use. If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand.

f. The parties agree that they will not pre-exchange or identify exhibits to be used with any witness on cross examination or direct examination of an adverse witness. Documents, deposition transcripts, or portions thereof, or other items, not specifically identified on the parties' Exhibit Lists or offered

into evidence, may still be used at trial for purposes of impeachment or rehabilitation, if otherwise competent for such purposes, and may be admitted into evidence consistent with the requirements of the Federal Rules of Evidence.

2. Deposition Testimony:

a. Plaintiffs' Proposal: If a party identifies a witness that it intends to call to testify at trial by deposition, then the party shall identify the specific pages and lines of the witness's deposition testimony that the party expects to read or play by 6:00 p.m. PT four (4) days before the trial day during which the deposition testimony is expected to be read or played. For each such witness, the other party shall then identify its counter-designations to the identified testimony by 7:00 p.m. PT three (3) days before the deposition testimony is expected to be read or played. The parties shall exchange objections by 8:00 p.m. PT two (2) days before the deposition testimony is to be read or played and meet and confer to resolve any objections to designated testimony by 8:00PM PT that evening.

b. Defendants' Proposal: If a party identifies a witness that it intends to call to testify at trial by deposition, then the party shall identify the specific pages and lines of the witness's deposition testimony that the party expects to read or play by 6:00 p.m. PT two (2) days before the trial day during which the deposition testimony is expected to be read or played. For each such witness, the other party shall then identify its counter-designations to the identified testimony by 8:00 p.m. PT two (2) days before the deposition testimony is

expected to be read or played. The parties shall exchange objections by 10:00 p.m. PT two (2) days before the deposition testimony is to be read or played and meet and confer to resolve any objections to designated testimony the next morning.

c. The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony, minus any attorney objections, and provide a final version of the video to the other party as soon as any final rulings are obtained from the Court and the video editing has been completed and to provide the video to the other party for review by 9:00 p.m. PT the day before it is to be shown to the jury.

d. Deposition video will include subtitles of the testimony at the bottom of the screen that matches the witness's testimony.

e. Colloquy between counsel and objections, will be eliminated when the deposition is played by video. The Parties will discuss in good faith if either party believes the colloquy with interpreter is necessary to convey the full and complete translation of the witness's answer.

3. Opening Statement:

a. The parties will exchange demonstratives to be used in opening statements by 6:00 p.m. PT the day before opening statements. The parties will provide any objections to such demonstratives by 7:00 p.m. PT on the day before opening statements. The parties are to meet and confer to resolve any objections to the demonstratives for opening statements at 8:00 p.m. PT the day before opening

statements. If good faith efforts to resolve objections to demonstratives to be used in opening statements fail, the objecting party shall promptly bring its objections to the Court's attention after the meet and confer on the morning of opening statements.

4. Closing Argument:

   a. The parties will exchange demonstratives to be used in closing statements by 9:00 p.m. PT the day before closing statements. The parties will provide any objections to such demonstratives by 10:00 p.m. PT on the day before opening statements. The parties are to meet and confer to resolve any objections to the demonstratives for closing statements before closing statements. If good faith efforts to resolve objections to demonstratives to be used in closing statements fail, the objecting party shall promptly bring its objections to the Court's attention after the meet and confer on the morning of closing statements.

## ACTION BY THE COURT

(a) This case is scheduled for trial before a jury on December 2, 2024.

(b) Pursuant to the Court's order, pretrial hearing is set for November 19, 2024 at 10:00AM. Pursuant to the Parties' agreement, neither party will file any trial briefs.

(c) Jury instructions requested by either party shall be submitted to the Court on or before November 11, 2024. Suggested questions of either party to be asked of the jury by the court on voir dire shall be submitted to the Court on or before November 11, 2024

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the Court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this ____ day of October, 2024.

_______________________________________

United States District Judge

FORM APPROVED

CORR CRONIN LLP

/s/ Syed K. Fareed
William R. Squires III, WSBA No. 4976
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Telephone: (206) 625-8600
Fax: (206) 625-0900
Email: rsquires@corrcronin.com

MCDERMOTT WILL & EMERY LLP
Stephen M. Hash (pro hac vice)
Kevin J. Meek (pro hac vice)
Syed K. Fareed (pro hac vice)
Samoneh Schickel (pro hac vice)
300 Colorado Street, Suite 2200
Austin, TX 78701
Tel.: (512) 322-2587
Fax: (512) 322-3687
Email: shash@mwe.com
Email: kmeek@mwe.com
Email: sfareed@mwe.com
Email: sschickel@mwe.com

*Attorneys for Plaintiffs*
*SECTRA COMMUNICATIONS AB and*
*COLUMBITECH INC.*

COOLEY LLP

*/s/ Christopher B. Durbin*
Christopher B. Durbin (WSBA #41159)
COOLEY LLP
1700 Seventh Avenue
Suite 1900
Seattle, WA 98101-1355
Tel:(206) 452-8700
Fax:(206) 452-8800
Email: cdurbin@cooley.com

Heidi L. Keefe (*pro hac vice*)
Reuben H. Chen (*pro hac vice*)
Alexandra Leeper( *pro hac vice*)
3175 Hanover St.
Palo Alto, CA 94304-1130
Tel: (650) 843-5000
Fax: (650) 849-7400
Email: hkeefe@cooley.com
Email: rchen@cooley.com
Email: aleeper@cooley.com

*Attorneys for Defendants ABSOLUTE SOFTWARE, INC. and MOBILE SONIC, INC.*